JOHN L. ROPER LUMBER COMPANY v. ANNIE W. HERRINGTON ET AL.

(Filed 1 March, 1922.)

1. **Deeds and Conveyances—Interpretation—Intent—Technical Rules.**

    That the intention of the parties, particularly of the grantor, must control is the cardinal rule in the construction of deeds.

2. **Same—Remainder—Children in Esse.**

    A remainder to a class of children, or more remote relatives, vests in right, but not in amount, in such of the objects of the bounty as are *in esse* and answer the description, subject to open and let in any that may afterwards be born before the determination of the particular estate; and a sale may generally be authorized by the court where, in case of a remainder to a class, those of the class who are *in esse* represent the others. In such case it is assumed that those who represent a particular class will protect the interest of all who have or may acquire an interest in the remainder.

**3. Actions—After-born Children—Contingent Interest—Class Representation.**

W. executed a deed, reciting in the *habendum* a conveyance to A. and M. for life, and at their death to their children, reserving a life estate. Following the description was a provision that A. should have the eastern part during her natural life, and at her death the land should go to her children, and that M. should have the western part for life and at her death to her children, if any, but if she should die leaving no children, then to A. for life and at her death to her children. A. was married and had children; M. was not married. In 1904 M. was the mother of two children. A special proceeding was begun by M. and her two children to sell the land. The sale was made and confirmed in 1904. In 1908 two other children were born to M., and they now claim an interest in the land: *Held,* they cannot recover, on the ground that a remainder to a class vests in right, but not in amount in such of the objects of the bounty as are *in esse* and answer the description, and in this proceeding the children *in esse* represented those born afterward.

APPEAL by plaintiff from *Ferguson, J.,* at November Special Term, 1921, of WASHINGTON.

In 1882, H. J. Williams and wife executed a deed reciting in the premises and in the *habendum* a conveyance to Annie W. Herrington and Mary E. Lewis for their natural life, "and at their death, then to their children, reserving a life estate in said land for H. P. Lewis and his wife, Ella E. Lewis," the parents of Annie W. Herrington and Mary Lewis. Following the description of the land is a provision that Annie W. Herrington should have and possess the eastern part of the land conveyed during her natural life, and at her death it should go to her children; and that Mary Lewis should have and possess the western part during her natural life, and at her death to her children, if she should have any, but if she should die leaving no children, then to Annie W. Herrington during her natural life, and at her death to her children. About 1896 this land was accordingly divided by Annie W. Herrington and Mary E. Lewis, and such division is recognized by the parties to this suit. The land described in the petition is the part which was allotted to Mary E. Lewis.

At the time the deed of H. J. Williams and wife was executed, Annie W. Herrington was married and had children; Mary Lewis was not married. In 1895, Mary Lewis married W. P. Knowles, and in 1904 was the mother of two children, Ruth and Annie Knowles. These were the only two children born to Mary Lewis prior to 1908.

In 1904 a special proceeding was begun by W. P. Knowles, his wife (Mary Lewis), and Ruth Knowles and Annie Knowles, by their general guardian, for the purpose of selling the land, and an order was made by the clerk appointing a commissioner to make sale. This order was afterward approved by the judge. The sale was duly confirmed, the

commissioner made a deed to the purchaser, and the purchaser, on 4 November, 1904, made a deed to the plaintiff. In 1908 a third child, William, and in 1912 a fourth, Robert, were born to Mary Lewis Knowles.

The petitioner instituted a proceeding to register its title under the Torrens law. Robert Knowles and William Knowles, children born after the sale was made by order of court, filed an answer and denied petitioner's title. They assert that under the deed from H. J. Williams to Mary Lewis they take an interest in the lands claimed by the peti-- tioner, and that the special proceeding under which the lands were sold in 1904 did not have the effect of divesting their interest in the land.

The contention of the defendants is that the children of Mary Lewis took a contingent remainder under the deed from H. J. Williams, and that the court could not sell their contingent interest, and that the purchaser at said sale did not acquire their interest. The proceeds derived from said sale are in the hands of W. P. Knowles, the father of the defendants, who asserts that he is holding the proceeds for the benefit of the two children who were in being at the time the land was sold under order of court.

The examiner of titles made report, to which the petitioner filed exceptions. In the Superior Court the following issues were drafted:

"1. Is the petitioner the owner of the land described in the petition? Answer: 'Yes. The petitioner owns the interest of W. P. Knowles, Mary E. Knowles, Ruth Knowles, Annie Knowles, and E. L. Herrington and Annie W. Herrington, but is not the owner of the interest of William and Robert Knowles, and which they took under the deed from H. J. Williams, Book Y, page 35, nor of such children as may be hereafter born to Mary E. (Lewis) Knowles.'

"2. Were L. G. Roper, guardian, and S. B. Spruill, attorney, properly authorized to represent the minors and to execute the deed, as alleged? Answer: 'Yes.' "

After the jury had answered the second issue, the court answered the first as a matter of law.

His Honor rendered judgment that the petitioner is the owner of such interest in the land as was conveyed to Annie W. Herrington and Mary E. Lewis, and of such interest as Annie Knowles and Ruth Knowles acquired under the Williams deed; but that the petitioner does not own, and the commissioner's deed does not convey, the interest of William Knowles and Robert Knowles, who were born after the institution of the special proceeding, or the interest of any child that may be born hereafter to Mary Lewis Knowles.

*Small, MacLean, Bragaw & Rodman for plaintiff.*

ADAMS, J.   His Honor held as a conclusion of law that the commissioner's deed did not convey to the purchaser the interest of William Knowles and Robert Knowles, or the interest of any child that might thereafter be born to Mary Lewis Knowles, and directed a qualified affirmative answer to the first issue.   The exceptions call in question the correctness of this ruling and of the judgment rendered on the verdict. The judgment was determined chiefly by the answer to the first issue; and the answer to the first issue was no doubt determined by his Honor's interpretation of the Williams deed.

In the granting clause this deed purports to make conveyance to Annie W. Herrington and Mary E. Lewis during their natural life, and at their death to their children, reserving for H. P. Lewis and his wife a life estate.   The *habendum* is substantially identical.   When the deed was executed Mary Lewis was unmarried and had no children; and while as to unborn members of a class the remainder is contingent until they are *in esse,* when they come in being the remainder immediately vests. The remainder to the children of Mary Lewis, after her life estate, therefore vested immediately upon the birth of the oldest child.   Here the direct question· is whether the vested remainder given the children is defeated by the clause which follows the description.   That the intention of the parties—particularly the intention of the grantor—must govern, is the cardinal rule in the construction of deeds; and such intention, drawn from the entire instrument, when once ascertained, will prevail over technical rules of construction.   The obvious intention of the grantor was to convey an estate of equal dignity to Annie W. Herrington and Mary E. Lewis for life, with remainder in fee to the children of. each; and if no children should be born to Mary E. Lewis, the remainder at the expiration of her life estate should go to Annie W. Herrington during the latter's natural life, and at her death to her children.

In these circumstances the accepted doctrine is that a remainder to a class of children, or more remote relatives, vests in right, but not in amount, in such of the objects of the bounty as are *in esse* and answer the description, "subject to open and let in" any that may afterwards be born before the determination of the particular estate; and a sale may generally be authorized by the court where in case of a remainder to a class, those of the class who are *in esse* represent the others.   In such case it is assumed that those who represent a particular class will protect the interest of all who have or may acquire an interest in the remainder.

"It is certain that if land be devised to a person for life, with an executory devise in fee to his children, the court cannot order a sale of the land before the death of any child, because, not being *in esse,* there

can be no one before the court to represent its interests. Such was the case in *Watson v. Watson,* 56 N. C., 400. But if there be any children *in esse,* in whom the estate in fee can vest, a sale may be ordered, because, if their interests require it, they may be represented by their guardians; and this may be done, though all of the children of the class may not yet have been born. Such is the case now before us, with the exception that there is an executory devise to the unborn children of another person, depending on the event of the tenant for life dying without leaving issue. Can this latter circumstance make any difference? We think not, because the first class of children are the primary objects of the devisor's bounty; and as they have vested remainders in fee, and as their interests, as well as that of the tenant for life, will be promoted by having the land sold and the proceeds invested in other lands, or in stocks or other securities for their use, the court of equity is authorized, under the general power conferred by the act to which we have referred, to order a sale." *Ex parte Dodd,* 62 N. C., 98.

There is a full discussion of the question in *Scott v. Springs,* 132 N. C., 548. There *Connor, J.,* after reviewing the decisions and admitting that some are in conflict with the current authority in this State, said: "We have not discussed these cases for the purpose of overruling them, but to classify and distinguish them, and to show that the language—used in *Ex parte Dodd,* in respect to the power of the court to order a sale of land where there is an executory devise to persons unborn, there being members of a class next in remainder to a life tenant—has not been overruled or doubted." 132 N. C., 556. And again, on page 564: "Without regard to the act of 1903, the court has the power to order the sale of real estate limited to a tenant for life, with remainder to children or issue, upon failure thereof, over to persons, all or some of whom are not *in esse,* when one of the class being first in remainder after the expiration of the life estate is *in esse* and a party to the proceeding to represent the class, and that upon decree passed, and sale and title made pursuant thereto, the purchaser acquires a perfect title as against all persons *in esse* or *in posse." Irvin v. Clark,* 98 N. C., 438; *Branch v. Griffin,* 99 N. C., 174; *Yancey's case,* 124 N. C., 151; *Hodges v. Lipscomb,* 128 N. C., 57; *Dunn v. Hines,* 164 N. C., 114; *Bullock v. Oil Co.,* 165 N. C., 64; 21 C. J., 986, 1003.

The commissioner's deed, however, was executed after the enactment of the statute of 1903. This act (C. S., 1744) provides that where there is a vested interest in real estate and a contingent remainder over to persons who are not in being, or when the contingency has not yet happened which will determine who the remaindermen are, there may be a sale of the property by a proceeding in the Superior Court at term time.

The proceeding in which the commissioner's sale of the land in question was decreed was instituted before the clerk; but the proceeding was not for this reason void or invalid. The irregularity is cured by the act of 1905, which is as follows: "In all cases where property has been conveyed by deed, or devised by will, upon contingent remainder, executory devise, or other limitation, where a judgment of a Superior Court has been rendered authorizing the sale of such property discharged of such contingent remainder, executory devise, or other limitation in actions or special proceedings where all persons in being who would have taken such property if the contingency had then happened were parties, such judgment shall be valid and binding upon the parties thereto, and upon all other persons not then in being: *Provided,* that nothing herein contained shall be construed to impair or destroy any vested right or estate." C. S., 1745.

In the present case Ruth Knowles and Annie Knowles, children of Mary Lewis, were of the class first in remainder after the expiration of the life estate; they were made parties to the special proceeding and were represented by their general guardian; they represented the entire class of remaindermen, including William and Robert, and the decree therefore bound the entire class. Since the first issue was answered by the court as a matter of law, the answer to the second will not be disturbed. The answer to the first issue will be modified so as to include the interest of William Knowles and Robert Knowles and of any afterborn child of Mary Lewis, and the judgment will be rendered in accordance with the modified verdict. The cost of the appeal will be taxed against the appellee.

Modified and affirmed.