BOARD OF DRAINAGE COMMISSIONERS OF LITTLE SWIFT CREEK DRAINAGE DISTRICT v. EAST CAROLINA LUMBER COMPANY.

(Filed 12 January, 1927.)

**Drainage Districts—Liens—Assessments—Foreclosure—Deeds and Conveyances—Actions.**

> Where the lands of an owner within a drainage district formed under the provisions of C. S., ch. 94, subch. 3, are sold for the nonpayment of assessments for the cost of improvements made according to law, such owner is given under the terms of the statute applicable one year within which to pay the amount of the assessment, when the county buys them at the sheriff's sale, with the costs, interest and other charges authorized by the statute, and this applies to his right against any purchaser whether he elects to exercise his statutory right to foreclose the lien or that of obtaining the sheriff's deed to the lands. C. S., 5361, 8010, 8024, 8033, 8037, 8038, 8039.

APPEAL by plaintiff from judgment of *Nunn, J.,* at Chambers, 3 September, 1926. Affirmed.

This action was heard upon an agreed statement of facts which is as follows:

"1. That plaintiff is a drainage corporation created by decree of Superior Court of Beaufort County, in a special proceeding, entitled, 'C. B. Weatherington et al. v. G. A. Whitford et al.,' under chapter 94, subchapter III, of the Consolidated Statutes of North Carolina, and amendments thereto; defendant corporation is a landowner in said district, and is one of the parties to the proceeding in which the decree was rendered creating said district.

"2. That defendant is the owner of eight tracts of land in said district, described in the complaint and that the drainage assessments against the respective tracts aggregate for the year 1924 the sum of $4,923.89, and for the year 1925 the sum of $4,923.89.

"3. That the drainage assessments for the year 1924 became due on the first Monday in September, 1924, to wit: 1 September, 1924; said assessments were not paid, and on the first Monday in December, 1925, to wit, 7 December, 1925, after complying with all preliminary requirements and after all required notices had been properly given, and after due advertisement, said lands were sold by the sheriff as provided by law and purchased by plaintiff for the amount of said drainage assessments then due, and tax certificates for each tract were duly issued by the sheriff on said date, a separate certificate being issued for each tract, giving the description and acreage of tract and amount for which it was sold.

"4. That the drainage. assessments for 1925 became due on the first Monday in September, 1925, to wit, 7 September, 1925; said assessments were not paid, and on the first Monday in May, 1926, to wit, 3 May, 1926, after complying with all preliminary requirements and after all required notices had been properly given, and after due advertisement, said lands were sold as provided by law by the sheriff, and purchased by plaintiff for the amount of said drainage assessments and tax certificates were duly issued therefor on said date by the sheriff, a separate certificate being issued for each tract, giving the description and acreage of tract, and the amount for which it was sold.

"5. That the ten days notice, preliminary to bringing this suit, was served on defendant on 24 July, 1926.

"6. That pursuant to said notice, this action was instituted on 16 August, 1926, to foreclose the said tax certificates for the taxes or assessments due for the years 1924 and 1925, under the provisions of C. S., 8037.

"7. That defendant denies plaintiff's right to bring this suit at this time, insisting that a suit of this character cannot be brought to foreclose the tax certificates for the 1924 taxes, until one year from the date of the tax certificate, to wit, December, 1926; nor for the 1925 taxes until after 3 May, 1927.

"8. That as the contentions between the parties involve questions of law only, it was agreed that the controversy should be submitted to Hon. R. A. Nunn, judge, resident in the Fifth Judicial District, and holding the courts of the First Judicial District, for determination; it being agreed that he should hear and determine the same at chambers, at New Bern, N. C., with all the same force and effect as if heard at term in the Superior Court of Beaufort County, where the action is pending."

Upon consideration of the facts set out in the agreed statement, the court was of opinion that this action cannot now be maintained, for that defendant is entitled to one year from the date of the issuance of the certificates of sale for taxes, within which to redeem said lands. It appearing that one year had not elapsed from the date of the issuance of said certificates of sale to the date on which this action was commenced, it was ordered and adjudged that the action be and the same was dismissed.

From this judgment, plaintiff appealed to the Supreme Court.

*Ward & Grimes for plaintiff.*
*Whitehurst & Barden for defendant.*

CONNOR, J. This appeal presents the question, whether there was error in holding that plaintiff cannot maintain this action to foreclose certifi-

cates of sale of real estate, issued by the sheriff, upon a sale of the lands described therein, and owned by defendant, for the collection of drainage assessments, for that one year had not elapsed from the date of said certificates to the date of the commencement of the action. The contentions of the parties hereto involve but one question, to wit: Does a cause of action under C. S., 8037 accrue in favor of the holder of a certificate issued by a sheriff upon the sale of land for taxes, at the date of such certificate, or only after a year has elapsed from said date? The decision of this question must necessarily be determined by pertinent statutory provisions.

C. S., 5361 provides that drainage assessments shall constitute a first and paramount lien, second only to State and county taxes, upon lands assessed for the payment of same; and that they shall be collected in the same manner and by the same officers as State and county taxes are collected. It is further provided therein that "the existing tax law in force when the sales are made for delinquent assessments shall have application in redeeming lands so sold, and that in all other aspects, except as to the time of sale of lands, the existing law as to the collection of State and county taxes shall apply to the collection of such drainage assessments."

In section 3 of chapter 88, Public-Local Laws, 1923, amending C. S., 5361, it is specifically provided that "the owner of said lands so sold, or any person having an estate therein, or having a lien thereon, may redeem the same in the manner provided in C. S., 8038 and in C. S., 8039, or any amendment thereof; and if the board of drainage commissioners shall have been the purchaser of said lands, the amount paid in redemption shall include the sum bid therefor plus the penalty."

The statute relative to the sale of lands for the collection of State and county taxes, C. S., 8010 et seq., provides that it shall be the duty of the sheriff, who has the tax list in hand for collection, to sell the lands of a delinquent taxpayer, and to give to the purchaser a certificate, in writing, under his official seal, in the form prescribed in C. S., 8024. At-any time after one year, and within two years, from the day of sale, upon demand of the holder of such certificate, if the land has not been previously redeemed as allowed by law, the sheriff shall execute a deed conveying the land sold and described in the certificate to the purchaser, his heirs or assigns, C. S., 8030. Such deed shall be registered, and shall vest in the grantee, his heirs and assigns the title to the property therein described, C. S., 8033. The holder of the certificate, instead of demanding a deed, to which he is entitled at the expiration of one year from the day of sale, may institute an action in the nature of an action to foreclose a mortgage, and recover thereon a judgment for the sale of the land described in his certificate for the satisfaction of whatever sums may

be due him upon his certificate, or of any other amounts for which he has a lien upon said lands. This action must be commenced within two years from the date of the last certificate of sale held by plaintiff. The plaintiff, whether an individual or a corporation, either public or private, shall be entitled to recover interest at the rate prescribed by statute, on all amounts paid out by him. "Such interest shall be computed from the date of each payment up to the time of redemption or final judgment." C. S., 8037. There is no express provision in the statute fixing the date at which, or after which and within two years, the action to foreclose may be commenced. The right, however, of the landowner to redeem, as allowed by law, is expressly recognized. See *Townsend v. Drainage Comrs.,* 174 N. C., 556.

The right of the owner of land sold for taxes to redeem the same, at any time within one year after the day of sale, by paying to the sheriff for the use of the purchaser, the sum mentioned in the certificate issued to the purchaser by the sheriff, with interest thereon at the rate of twenty per centum per annum, together with all taxes subsequently paid, and all costs and expenditures, is secured by C. S., 8038 and C. S., 8039. This right is specifically extended to the owner of land, sold for the collection of drainage assessments. Chapter 88, Public-Local Laws, 1923, sec. 3. We cannot think that it was the intention of the General Assembly to leave the right of an owner of lands sold for taxes or for assessments, to redeem the same, within one year from the date of sale, dependent upon the choice of remedies by the holder of the certificate of sale. A reasonable construction of the statutes pertinent to the question presented by this record sustains the opinion in accordance with which the judgment herein was rendered.

An action to foreclose a certificate of sale of real estate, authorized by C. S., 8037, cannot be maintained until after the expiration of one year from the date of the certificates; at any time within said year, the owner of the land may redeem the same by complying with the provisions of C. S., 8038. The action must be brought within two years from said date. This leaves only one year within which the action may be brought. The construction of the statutes as contended by plaintiff would deprive the landowner of the right to redeem within one year—a right expressly secured by statute. Whether such limitation upon the right of the purchaser to maintain an action to foreclose the certificates of sale, issued to him by the sheriff, is in accordance with a wise and just policy or not is for the General Assembly to determine. The judgment herein is

Affirmed.