A. J. HINES v. W. A. WILLIAMS et al.

(Filed 5 March, 1930.)

**Taxation H a—Where contingent interests of children living and unborn are represented by guardian ad litem they are bound by foreclosure proceedings of tax certificate.**

Under the provisions of chapter 334, Public Laws of 1929, amending the procedure for the sale of lands for taxes as theretofore provided by statute (C. S., 8038, Art. 14, amended by Public Laws of 1927, etc.), requiring that the deed shall convey the real estate in fee to the purchaser at the foreclosure sale for taxes free from any claims of the taxpayer, his wife, the husband or any other person whether or not such person's claims are disclosed by the record, it is *held:* that where the lands so sold are subject to a life estate with contingent remaindermen over, involving the contingent interests of children living and unborn, and all interests are properly before the court either in person or by guardian *ad litem,* and have been legally represented, the judgment is binding upon all of the parties, and the purchaser gets good title to the property thereunder in fee simple absolute as against all parties having a vested or contingent interest. C. S., 452, 1744, 1745.

APPEAL by the purchaser of real estate under a tax sale certificate to determine the validity of a deed tendered to him by the commissioner appointed to make the sale. Heard by *Devin, J.,* at December Term, 1929, of WILSON. Affirmed.

N. W. Williams died leaving a will containing the following devise: "I give and devise to my daughter Sug Allen, the wife of L. A. Allen, . . . a certain tract or parcel of land (describing it). To have and to hold the above-described . . . tract of land to her, the said Sug Allen, for and during the term of her natural life and no longer, and after her death to her issue in fee, if any, and in the event she dies without issue, thence to Plummer Williams, Wiley Williams, and the son of Bug Williams, now deceased, and their issue. But in the event either should die without issue his share is to pass and vest in the survivor, or their issue, share and share alike." Sug Allen died without issue, and the title then vested in Plummer Williams, Wiley Williams (who is W. A. Williams), and Willard Williams, son of Bug Williams, subject to the condition subsequent. These three filed a petition before the clerk of the Superior Court for partition of the land described in the foregoing devise. Lot No. 2 was allotted to Wiley Williams, and he listed the land in his own name for the taxes in 1926. The tax on the land was not paid, and on 8 June, 1927, the sheriff of Wilson County sold the land for nonpayment of the taxes, and A. J. Hines became the purchaser. Thereupon the sheriff issued to him a tax sale certificate as prescribed by law. More than twelve months elapsed and the land was

not redeemed; it was sold on 4 June, 1928, for the taxes of 1927, and the county of Wilson became the purchaser. The plaintiff brought suit to foreclose the tax sale certificate; a guardian *ad litem* was appointed for the children of Wiley Williams, all of whom are minors; and the guardian filed an answer admitting the allegations of the complaint. All parties known to have any interest in the land, either vested or contingent, were made parties defendant in pursuance of chapter 221 of the Public Laws of 1927; the clerk made an order that notice be given to all persons claiming an interest to appear in the action and set up their defense. The notice was accordingly issued and a guardian *ad litem* was appointed for the unborn children and unborn claimants and he filed an answer admitting the allegations of the complaint. The clerk adjudged that the plaintiff held a certificate of sale executed by the sheriff on 6 June, 1927; that as purchaser he had a lien on the property in the amount set out in the judgment; and that a commissioner sell the land on Monday, 30 September, 1929, and make a report of the sale. The commissioner sold the land, and made his report; and the clerk confirmed the sale and directed the commissioner to make a deed in fee to the purchaser. The commissioner tendered a deed conveying the property in fee simple and the purchaser declined to accept the deed and pay the purchase price. A rule was served upon him to show cause why he should not accept the deed, and he answered that the commissioner could not convey an indefeasible fee for the reason that certain minors have vested and contingent interests in said property which the commissioner was not authorized to convey. The clerk held that the deed conveyed a good and indefeasible title in fee. The purchaser excepted and appealed to the Superior Court and the judgment of the clerk was affirmed. The purchaser excepted and appealed to the Supreme Court.

*David Isear for plaintiff, appellant.*
*R. L. Brinkley and Connor & Hill for appellee.*
*Attorney-General Brummitt and Assistant Attorney-General Nash as Amici Curiæ.*

ADAMS, J. The appeal presents the question whether the commissioner's deed conveys a good title to the purchaser.

It was formerly provided by statute that the land of a minor should in no case be liable to sale for taxes, but that his guardian should pay the tax when due; also that in case of the guardian's default the tax list in the hands of the sheriff should be an execution to be satisfied out of his individual property or out of the personal property of his ward. Laws 1872-73, ch. 115, sec. 28(4); Laws 1876-77, ch. 155, sec. 29; The

Code, sec. 3691. In 1887 the General Assembly modified the law by appending the following proviso to the section conferring the right to redeem land sold for taxes: *"Provided,* that infants, idiots and insane persons may redeem any land belonging to them from such sale within one year after the expiration of such disability, on like terms as if redemption had been made within one year from the date of said sale and from the date of each subsequent payment of taxes thereon at the rate of twenty per centum per annum on the several amounts so paid by the purchaser until redemption." Laws 1887, ch. 137, sec. 65. Sections 91-93 gave the owner of a certificate of tax sale the right at his election to foreclose it by a civil action at any time before the expiration of two years from the date of the certificate.

This proviso is the last clause in section 8038, Article 14, of the Consolidated Statutes. In several material respects Article 14 was amended by the act of 1927. Sections 8028-8037 were repealed and others were substituted. In the latter the holder of a certificate of sale is given the right of foreclosure by a civil action; the purchaser is given a lien as in case of a mortgage on the real estate sold for the amount paid and interest, penalties, costs, and charges; those claiming an interest disclosed by the records must be parties to the action; notice must be given to all other persons claiming an interest in the subject-matter; and a judgment of foreclosure may be rendered. In 1929 statutes were enacted affecting the procedure and providing that the deed shall convey the real estate in fee to the purchaser, free from any claims of the taxpayer, the wife, the husband, or any other person whether or not such claims are disclosed by the records. Laws 1929, ch. 204, ratified on 16 March, 1929, and ch. 334, ratified 19 March, 1929, as of 9 March, 1927.

It is not the policy of the law indefinitely to suspend the payment of taxes. The statutes which formerly prohibited the sale of an infant's land for taxes provided for the enforcement by other means of timely payment. It was a general rule of the common law that an infant should lose nothing by nonclaim or neglect of demanding his right and that his disabilities should be deemed privileges securing him from the harmful consequences of his improvident acts; but when sued he was protected by a guardian who was to defend him from all attacks. Courts of equitable jurisdiction exercised their general power and duty as *parens patriæ* for his protection; and an infant when represented by a guardian, subjected to the jurisdiction of the court, and taken under the protection of the law, was as a rule bound by the judgment or decree.

It is contended that the last clause of section 8038 should be interpreted as applying only to cases in which the purchaser, instead of foreclosing his certificate, demands and receives from the officer a deed

under section 8024 *et seq.,* and that the clause in the act of 1927, ch. 221, sec. 4, declaring foreclosure to be the purchaser's "sole right and only remedy" debars the purchaser from calling for a deed under the sections referred to and by implication repeals the minor's right of redemption after his disability expires. This question does not necessarily arise on the record. The plaintiff is not an infant attempting to redeem land sold for taxes, but a purchaser under proceedings to foreclose a tax sale certificate. The last clause of section 8038 evidently has no application to cases in which the certificate is foreclosed and the infants are properly before the court and protected by its judgment. In the present case the certificate was duly foreclosed; a guardian *ad litem* was appointed for the infant defendants, and, after due service of process, he filed an answer for them; another guardian *ad litem* appointed to represent the unborn children of Wiley Williams, Plummer Williams and Willard Williams and all other persons who have or may have any interest in the land, after due service of process, likewise filed an answer. The clerk, after adjudging a foreclosure of the certificate, appointed a commissioner to sell the land, confirmed his report of the sale, and directed him to execute a deed to the purchaser. It appears that the infant defendants and all persons having a vested or contingent interest in the land have had their day in court. We must therefore hold that they are bound by the judgment and that the deed conveys title in fee to the purchaser. *Lumber Co. v. Herrington,* 183 N. C., 85; *Bank v. Alexander,* 188 N. C., 667, 671; *Matthews v. Joyce,* 85 N. C., 258; *Glisson v. Glisson,* 153 N. C., 185; *Rawls v. Henries,* 172 N. C., 218; C. S., 452, 1744, 1745.

Judgment affirmed.