ORANGE COUNTY v. ANDREW JENKINS AND WIFE AND C. P. HINSHAW.

(Filed 27 January, 1931.)

**1. Taxation H a—Purchaser at tax sale acquires remedy of foreclosure of tax certificate according to statutory procedure.**

Where the purchaser at a sale of lands for taxes, the county in this case, has received a tax sale certificate therefor, he has acquired an interest in or a lien upon the land so purchased with the only remedy of foreclosure by action as in case of a mortgage.

**2. Taxation H b—Statutory notice of foreclosure of tax certificates held constitutional and valid.**

The State as a sovereign power has the right to prescribe by statute the notice to be given to those interested in lands to be foreclosed under tax sale certificates except where the manner of notice interferes with the provisions of the Federal Constitution, and a statutory provision that substitutes notice by publication to be given in the newspapers as in an action *in rem* does not violate the "due process" clause of the Federal Constitution, and the purchaser at the judicial foreclosure sale, when fairly made in conformity with our statutory provisions acquires title free from the claims of those who may have an interest in the *locus in quo* who do not appear and defend their rights. C. S., 8037; Michie Supplement of 1929, Laws of 1927, ch. 221, Laws of 1929, chs. 204, 334.

**3. Appearance A a—Party submitting himself to jurisdiction of court by filing answer is bound by court's decree.**

Where the summons against the owners of land has been returned "not to be found" in a proceeding to foreclose tax sale certificates against the land, and the owners have thereafter appeared and submitted themselves to the jurisdiction of the court by answering or otherwise, they

are bound by the decree of foreclosure and by the final adjudication regularly arrived at in the course of the procedure under the provisions of the statute. .

4. **Taxation H b—Foreclosure of tax certificate is proceeding in rem and attachment is not necessary to service by publication.**

In proceedings to foreclose lands under the provisions of statute to subject them to the lien of a tax sale, it is not required that the courts should have obtained possession of the *locus in quo* by attachment or actual seizure of the property.

5. **Same—Affidavit under provisions of C. S., 484, is not required in proceedings to foreclose tax sale certificate.**

Where the summons in proceedings to foreclose a tax certificate of the sale of lands in the action against the listed owner of the lands has been returned the defendant "not to be found," it is not required as under the provisions of C. S., 484, that this fact be made to appear by affidavit to the satisfaction of the court in order for valid service by publication.

6. **Same—Statutory procedure for foreclosure of tax certificate does not violate constitutional provisions relating to due process.**

The State may proceed directly or by authorization to others to sell lands for taxes upon proceedings to enforce a lien for the taxes thereon, and a publication of notice to all interested in the lands to appear and defend their rights is due process of law within the meaning of the Fourteenth Amendment to the Federal Constitution, and is not a taking of property inhibited by Art. I, sec. 17, of the Constitution of North Carolina.

APPEAL by C. P. Hinshaw from a judgment of *Grady, J.,* rendered 26 September, 1930. From ORANGE.

The respondent, Andrew Jenkins, owner of the land in controversy, failed to pay the taxes assessed against it for the years 1926 and 1927, in consequence of which the land was sold by the sheriff of Orange County on 19 September, 1927. The county became the last and highest bidder and received from the sheriff and became the holder of two certificates of purchase which were filed in the office of the county accountant. The certificates were foreclosed and a commissioner was appointed to sell the land; the sale was confirmed and a proceeding was instituted to compel the purchaser to accept the commissioner's deed and pay the purchase price. The agreed facts are as follows:

The said action was instituted by the plaintiff against the defendants under the provisions of C. S., 8028, 8035-8037, as amended by Laws of 1929, chs. 204, 334, for the foreclosure of the 1927 and 1926 tax sales certificates. The defendants in said action failed to file answer to the complaint and summons within the time allowed by law, and judgment by default was given against the said defendants in said action. R. T. Giles was appointed by the court as commissioner to sell the property involved therein, and in pursuance of said order and judgment, said

R. T. Giles, commissioner, did advertise said property for sale as required by law, and offered said property for sale on 12 March, 1930, at the courthouse door in Hillsboro, N. C., and at said·sale C. P. Hinshaw became the last and highest bidder for the same ʼin the sum of $125. No exceptions were filed or raised bid made in the time required by law. The sale was duly reported to the clerk of the Superior Court by said commissioner, and in pursuance of said report the said clerk on 2 April, 1930, approved and confirmed said sale and authorized and instructed the said commissioner, upon payment of the purchase price, to make and deliver a deed in fee simple for the said property to the said C. P. ʼHinshaw. In pursuance of said order, said R. T. Giles, commissioner, made and executed in proper form, a commissioner's deed for the said land to the said C. P. Hinshaw and tendered the same to him; but the said Hinshaw refused to accept said deed and refused and still refuses to make payment of the purchase price of $125 for said land, for the reasons set out in answer to the motion of the plaintiff for judgment against the respondent.

Taxes upon said property for the years 1926, 1927, 1928 and 1929, levied and assessed by the town of Chapel Hill, N. C., in the amount of $90.00, are due and unpaid. The proceeds to be derived from the sale of the said property, namely, $125, are not sufficient to pay off the above-mentioned taxes, after paying off the unpaid county taxes assessed upon said property, and the costs of said action.

Ten days notice of this motion has been duly served on the respondent."

The reasons set out in Hinshaw's answer to the plaintiff's motion are these:

1. That C. S., 8028, 8035-8037, as amended by Laws of 1929, chs. 204, 334, under which said action was instituted, is unconstitutional, and no valid or marketable title in fee simple can be conveyed thereunder.

2. That service of summons was had upon the said defendants in said action by publication, for which reason the title if conveyed to the respondent may be attacked by the said defendants in the said action at any time within one year after notice thereof, and within five years after rendition of the judgment in said action, same being by virtue of the provisions of C. S., 492.

3. That the proceeds to be derived from the sale of the said property, namely, $125, is sufficient only to pay off the unpaid county taxes assessed upon said property after the court costs of said action have been paid; that the town of Chapel Hill, N. C., has levied and assessed taxes upon the said land for the years 1926, 1927, 1928 and 1929, which said taxes are still due and owing; that due to the fact that the

said commissioner will receive insufficient funds from the sale of the said property to pay off and satisfy the unpaid taxes due upon said property to the town of Chapel Hill, as hereinbefore set out, said town taxes will remain and constitute a lien upon said property in the hands of the respondent.

Upon the agreed facts the clerk gave judgment for the plaintiff and upon Hinshaw's appeal Judge Grady signed the following judgment:

"This cause came on for hearing upon an appeal from A. W. Kenion, clerk of the Superior Court of Orange County, and the parties having filed with the court an agreed statement of the facts, which is made a part of this judgment, and in addition thereto, it having been admitted in open court that due notice was given by publication commanding all persons having any interest in the lands referred to in the complaint to come in and take such action as they might be advised, and it appearing to the court, and being admitted by all parties, that the sale of said lands was conducted in all respects in conformity with the laws relating to sales of land for taxes, and that each and everything has been done that is required by said statutes in order to give to the purchaser a good and indefeasible title to said lands; and the court being called upon to pass upon the constitutionality of said statutes, and no other defense being interposed, it is now:

Ordered and adjudged that the commissioner, R. T. Giles, prepare and tender to said C. P. Hinshaw, the purchaser of the lands in question, a good deed for said lands, in the form required by law; and it is also ordered that the said C. P. Hinshaw pay to said commissioner upon the tender of said deed the sum of $125, and the costs of this action, the court being of the opinion, and now adjudging that said deed will convey to the said C. P. Hinshaw an estate of inheritance in and to the lands referred to in the complaint, freed from any lien that may have heretofore existed in favor of the town of Chapel Hill by reason of the tax assessment referred to in the respondent's answer to the notice filed therein.

The costs of this proceeding will be taxed against the said respondent, C. P. Hinshaw, as to all expenditures made since the final judgment and decree of confirmation by the clerk of the Superior Court."

The respondent Hinshaw excepted and appealed.

*J. R. Carawan for appellant.*
*R. T. Giles for appellee.*

ADAMS, J. The judgment recites an admission by all the parties that the sale of the land in controversy was conducted in compliance

with law and that everything was done which the statutes require in order to convey to the purchaser an indefeasible title. The only question for decision is whether the statutes under which the sale was conducted are in conflict with the State or Federal Constitution. This question the trial court resolved against the appellant.

It is contended that these statutes violate Article I, sec. 17, of the Constitution of North Carolina, and Article XIV, sec. 1, of the Constitution of the United States. The specific objections are (1) that the taxpayer is deprived of his property without due process of law; (2) that the law does not apply with uniformity to all persons or property, and (3) that it does not provide adequate notice to lienholders or other persons having an interest in the property.

Under section 8037, Michie's Supplement of 1929 (Laws 1927, ch. 221, sec. 4; 1929, chs. 204 and 334) the county of Orange instituted a proceeding to foreclose two sheriff's certificates of sale for taxes. As the holder of these certificates the county had a lien on the land as in case of a mortgage, and the right of foreclosure was its only remedy. N. C. Code of 1927, sec. 8028; Laws 1927, ch. 221, sec. 4; Supplement of 1929, sec. 8037. Relief could be had "only in an action in the nature of an action to foreclose a mortgage." It is provided that the person in whose name the land was listed for taxation and the wife or husband of such person shall be made defendants and shall be served with process as in civil actions.

A summons was issued for Andrew Jenkins and his wife and was returned without service because they "were not to be found in Orange County." Thereafter they were duly and regularly served by publication. By filing a written answer to the plaintiff's motion Hinshaw submitted himself to the jurisdiction of the court.

The "due-process" clause of the Federal Constitution requires service of process, which may be made by actual service, or by publication in proceedings *in rem*, or by publication in proceedings *quasi in rem*. In proceedings *in rem* instituted, for example, to enforce a lien upon property, it is not necessary, as in proceedings *quasi in rem*, to acquire jurisdiction by attachment or actual seizure of the property. *Bernhardt v. Brown*, 118 N. C., 700; *Armstrong v. Kinsell*, 164 N. C., 125; *Heidritter v. Oil Cloth Co.*, 112 U. S., 294, 28 L. Ed., 729. In *Pennoyer v. Neff*, 95 U. S., 714, 24 L. Ed., 565, *Mr. Justice Field* set forth the principle in these words: "Substituted service by publication, or in any other authorized form, may be sufficient to inform parties of the object of proceedings taken where property is once brought under the control of the court by seizure or some equivalent act. The law assumes that property is always in the possession of its owner, in person or by agent; and it proceeds upon the theory that the seizure will inform him, not

only that it is taken into custody of the court, but that he must look to any proceedings authorized by law upon such seizure for the condemnation and sale. Such service may also be sufficient in cases where the object of the action is to reach and dispose of property in the State, or of some interest therein, by enforcing a contract or a lien respecting the same, or to partition it among different owners, or where the public is a party to condemn and appropriate it for a public purpose." Such service is not subversive of the due-process clause. *Bynum v. Bynum,* 179 N. C., 14; *Foster v. Allison Corporation,* 191 N. C., 166.

The principle just stated applies to that part of section 8037 which provides for an advertisement "giving notice to all other persons claiming any interest in the subject-matter of the action to appear, present, and defend their respective claims, and to set them up within six months from the date of the notice" or be forever barred and foreclosed of any interest or claim in the property or the proceeds received from its sale. Service of notice by publication on interested parties in a proceeding *in rem,* when authorized by statute, is no less effective for the purpose intended than substituted service of process on the defendant in the action. As remarked by Cooley, "The right of the Legislature to prescribe such notice, and to give it effect as process, rests upon the necessity of the case, and has long been recognized and acted upon." Constitutional Limitations, 505. If the person on whom a summons is to be served cannot after due diligence be found in the State, that fact must appear by affidavit to the satisfaction of the court (C. S., 484); but if a proceeding is instituted to foreclose a tax lien on property, unknown persons who claim an interest in the subject-matter may be notified by publication to appear and assert their interest. The "necessity of the case" is found in the fact that the plaintiff does not know whether there are outstanding claims and, if so, whether the claimants reside within or without the State. The expressed purpose of the statute is to convey the land in fee simple free from all claims whether disclosed by the records or not.

The principle was discussed and applied in *Leigh v. Green,* 193 U. S., 79, 48 L. Ed., 623, in which it is said: "The State has a right to adopt its own method of collecting its taxes, which can only be interfered with by Federal authority when necessary for the protection of rights guaranteed by the Federal Constitution. In authorizing the proceedings to enforce the payment of taxes upon lands sold to a purchaser at a tax sale, the State is in the exercise of its sovereign power to raise revenue essential to carry on the affairs of state and the due administration of the laws. This fact should not be overlooked in determining the nature and extent of the powers to be exercised. 'The process of taxation does not require the same kind of notice as is re-

quired in a suit at law, or even in proceedings for taking private property under the power of eminent domain. It involves no violation of due process of law when it is executed according to customary forms and established usages, or in subordination to the principles which underlie them.' "

*Mr. Justice Day* concludes the opinion in these words: "The principles applicable which may be deduced from the authorities we think lead to this result: Where the State seeks directly or by authorization to others to sell land for taxes upon proceedings to enforce a lien for the payment thereof, it may proceed directly against the land within the jurisdiction of the court, and a notice which permits all interested, who are "so minded," to ascertain that it is to be subjected to sale to answer for taxes, and to appear and be heard, whether to be found within the jurisdiction or not, is due process of law within the Fourteenth Amendment to the Constitution."

The other questions discussed in the briefs do not affect the constitutional validity of the statutes under consideration, and the judgment appealed from declares their alleged invalidity is the only defense interposed at the hearing. Judgment

Affirmed.