ROBERT HILL, MACK ALLEN HILL and THEODORE HILL, by Their Next Friend and Father, W. M. HILL; W. M. HILL, Individually; W. M. HILL, Trustee for ROBERT HILL, MACK ALLEN HILL and THEODORE HILL, v. GEORGE P. STREET; REALTY, INCORPORATED, J. H. YELTON; C. D. WEEKS, Commissioner, and W. E. DAVIS.

(Filed 22 March, 1939.)

1. Deeds § 10a—

An unregistered deed is good as between the parties.

2. Taxation § 40b—

Where it appears of record that the owner of land had executed a deed of trust on same which had not been validly canceled, the trustee and *cestui que trust* are necessary parties to an action to foreclose a tax sales certificate on the property, and the record is notice to those claiming under the tax foreclosure suit.

3. Mortgages § 28—

Where infants own the debt secured by deed of trust, cancellation of the deed of trust by the trustee therein named is void in the absence of authorization by them or by their guardian duly appointed.

**4. Taxation § 41: Equity § 2—**

Minors having a beneficial interest in lands will not be held guilty of laches in seeking to redeem the lands after judgment in the suit to foreclose the tax sales certificate, nor in failing to examine the docket to see that their interests appeared of record, nor will the laches of their father, to whom the lands were conveyed for their benefit, be attributed to them.

**5. Taxation § 41—**

Persons acquiring an interest in land subsequent to the tax sale are entitled to redeem same, even where the required notice has been duly advertised, at any time prior to the order that deed be made to the purchaser in the suit to foreclose the tax sale certificate, or within six months after notice.

**6. Same—Infants having beneficial interest in lands held entitled to redeem same from foreclosure of tax sale certificate.**

In a suit to foreclose a tax sale certificate, only the record owner was made a party defendant, although it appeared of record that she had mortgaged same prior to the tax sale and that the mortgage had not been properly canceled. Plaintiffs were minors who acquired a beneficial interest in the lands under an unrecorded deed to their father as trustee for them, executed subsequent to the tax sale but more than a year prior to the judgment in the suit to foreclose the tax sale certificate. Plaintiffs went into possession of the lands immediately upon the execution of their deed. It appeared that the purchaser at the tax sale had bid in the land for a grossly inadequate consideration. *Held:* Under the facts and circumstances of this case the right of plaintiffs to redeem the land from the sale under the foreclosure of the tax sales certificate is not barred, plaintiffs not having been parties and not having been served with summons in the tax foreclosure suit. The limitations on the right of redemption of lands sold for the nonpayment of taxes and the procedural changes made by the statutes, discussed by *Mr. Justice Devin.*

**7. Same—Form of judgment where plaintiffs are entitled to redeem land sold for nonpayment of taxes.**

Where plaintiffs have a right to redeem land sold for the nonpayment of taxes, judgment should be entered giving them a reasonable time to pay the purchaser at the tax sale the amount of the bid with interest plus taxes and penalties paid by him, with provision that upon compliance, the deed to the purchaser be set aside, and that upon non-compliance the right to redeem should be conclusively held to have been abandoned and the defendant adjudged to hold the land in fee simple, free of plaintiffs' claim. C. S., 8039.

APPEAL by plaintiffs from *Pless, J.,* at November Term, 1938, of HENDERSON. Error and remanded.

This was an action to redeem land which had been sold under foreclosure to enforce lien for unpaid taxes, and to restrain execution of writ of assistance. Plaintiffs tender payment of the amount due in the tax sale certificate and costs of proceeding. It was adjudged that the purchaser at the sale, the defendant Realty, Incorporated, was the owner

of the land in fee simple, and entitled to immediate possession thereof, and that writ of assistance issue to effectuate its possession. Plaintiffs appealed.

*Arthur J. Redden for plaintiffs.*
*O. B. Crowell for defendants.*

DEVIN, J. The material facts, upon which depend the rights of the parties with respect to the property in litigation, sufficiently appear from the admissions in the pleadings and the judgment of the court thereon.

The original owner of the property described in the complaint, consisting of a house and lot in Hendersonville, was Hattie E. Scott. By deed of trust duly recorded in 1927 she conveyed the property to a trustee to secure a debt of $3,120.00. The note evidencing the debt thus secured was subsequently assigned to W. M. Hill, the father and now next friend of the infant plaintiffs. On 3 May, 1934, Hattie E. Scott by deed conveyed the property to W. M. Hill as trustee for the benefit of the infant plaintiffs. A valuable consideration is alleged. This deed was not put to record at the time of the institution of this action. The plaintiffs have been in possession since the date of the deed.

In 1932, the property was sold for the unpaid taxes of 1930, and tax sale certificate in sum of $54.30 was issued to defendant Street. In March, 1933, tax foreclosure suit was instituted by Street against Hattie E. Scott to foreclose the tax certificate. Neither the trustee in the deed of trust, nor the holder of the note secured, nor any of the plaintiffs were at any time made parties, or served with summons or notice of this suit, nor was notice to other persons posted and published as required by the statute. Thereafter, in August, 1935, sale under judgment of foreclosure was had and the property bid off for $115.00. The defendant alleged in its answer that W. M. Hill was notified by letter of the advertisement of sale, but the court made no finding on this point. In January, 1936, order to make deed was entered, and in March, 1936, deed was executed to defendant Realty, Incorporated, by the commissioner named in the foreclosure judgment.

The infant plaintiffs in apt time instituted this action to redeem the land of which they became the beneficial owners prior to the judgment. Having had no notice of the suit, nor in any way made parties thereto, they contend their right to redeem has not been foreclosed.

The law recognizes the right of the owner to redeem land which has been sold for the non-payment of taxes, and the limitations upon that right were prescribed by C. S., 8038. This statute restricted the time within which the owner might redeem to one year from day of sale, but

with this proviso: "Infants, idiots and insane persons may redeem any land belonging to them within one year after the expiration of such disability on like terms as if the redemption had been made within one year from date of said sale."

In *Forsyth County v. Joyce,* 204 N. C., 734, 169 S. E., 655, this statute was interpreted in relation to foreclosure suits instituted to enforce the lien acquired by the purchaser at a tax sale, and it was there held that the provisions for foreclosure by suit of tax sale certificate afforded sufficient protection to infants who were made parties to the suit and who defended by guardian, either general or *ad litem.* The Court said: "The purchasers' right to demand a deed (under the former method) was summary and could successfully be resisted only at the active instance of the taxpayer. But in a proceeding to foreclose the certificate the rights and property of the minor were subject to the supervision and protection of the court. As long as the two methods were recognized, it was necessary to preserve the right of redemption, although it appertained to only one of them; and this, we apprehend, explains the retention of the last clause in section 8038 of the Consolidated Statutes. A radical change, however, was wrought by the act of 1927 and the amendments of 1929. They eliminate the purchaser's right to demand a deed and provide that relief shall be afforded only in an action in the nature of a suit to foreclose a mortgage. Public Laws 1927, ch. 221, sec. 4; 1929, ch. 334. The delinquent shall be made a defendant, and if a minor he must defend by a guardian, either general, testamentary, or *ad litem.* C. S., 451. The amendments referred to resulted in a change of procedure and of substantive rights. The minor's right to redeem his land annulled the inhibition against its sale for taxes, and the protection of his interests by the court in a suit by the purchaser to foreclose his certificate abrogated the minor's right of redemption after final judgment."

In *Hines v. Williams,* 198 N. C., 420, 152 S. E., 39, it was said: "The last clause of section 8038 evidently has no application to cases in which the certificate is foreclosed and the infants are properly before the court and protected by its judgment."

In *Guy v. Harmon,* 204 N. C., 226, a tax foreclosure suit, Virgie Harmon, in whose name the land was listed, and her husband were made parties. It later developed that Virgie had only a dower interest and that her minor children by a former marriage owned an interest in the land. This Court held the infants, not having been made parties, were not foreclosed. *Brogden, J.,* speaking for the Court in that case, said: "The minor owners of the land were not made parties to the suit unless newspaper publication be sufficient for such purpose. Foreclosure is an equitable proceeding and the law as interpreted and applied in this State has uniformly commanded a day in court for parties in interest."

Though the deed from Hattie E. Scott conveying the beneficial interest in the property to the infant plaintiffs was not recorded at the time, the deed was good between the parties and was followed by possession of the property by the grantees. It was found as a fact by the court that the infant plaintiffs were the grantees in the deed in which this property was conveyed to them on the date named, more than a year before the judgment against Hattie E. Scott was entered and before the property was sold. The effect of this deed under the circumstances was to invest the infant plaintiffs with an interest in the land sufficient to invoke the protection of the court and to give to those who have not had a day in court an opportunity to redeem. It will also be observed that at the time of the institution of the foreclosure suit, the deed of trust on the property, executed by Hattie E. Scott to a trustee to secure a debt, was on record. This gave notice to those claiming under the foreclosure suit that the trustee and the *cestui que trust* had an interest in the property. In the absence of proper notice to them their interest remained unaffected by the foreclosure judgment. *Beaufort County v. Mayo,* 207 N. C., 211, 176 S. E., 753. Subsequent to the execution of the deed to the plaintiffs in 1934, the deed of trust was marked cancelled. The court found this was done by W. M. Hill. Whether the attempted cancellation was entered in the manner prescribed by C. S., 2594 does not appear. It is apparent, however, that the cancellation was not authorized by the infant plaintiffs, or by any one empowered to act for them, since it is admitted that they were and are without guardian.

We do not think the infant plaintiffs or W. M. Hill should be held guilty of laches for not finding out about the foreclosure suit of which they had no notice, or for failure to examine the docket, wherein Hattie E. Scott alone was named as the defendant. Nor would laches on the part of W. M. Hill be attributable to the infant plaintiffs.

The facts here are materially different from those upon which the decision in *McMillan v. Hogan,* 129 N. C., 314, 40 S. E., 63, was based. There the land was sold for unpaid taxes under the Act of 1895. After the purchase by the plaintiff at the tax sale, the taxpayer died leaving minor children. There was no tender of payment of taxes or of repayment to the plaintiff. Under the statutes applicable to the instant case, however, the rights of owners are no longer to be fixed by their status at the time of the purchase at the tax sale. It is now provided that, even where the required notice has been duly advertised, other persons claiming an interest shall have right to set up claims at any time before the order to make deed is entered, or within six months after notice. Hence it would seem that where the prescribed notice was not given the rights of infant owners accruing before judgment will not be deemed foreclosed.

It sufficiently appears from the record in this case that in the foreclosure suit Hattie E. Scott alone was served with summons; that at that time she had only a slight equity in property mortgaged for more than it was worth; that none of those who had any substantial interest in the property were made parties or served with process or lawful notice, and that property found by the court to be worth more than $2,000 was bid off at the sale and conveyed to defendant Realty, Incorporated, for $115.00.

Under these circumstances the effort of the defendant to cut off the right of the infant owners to redeem does not commend itself to a court of equity. In *Buncombe County v. Arbogast,* 205 N. C., 745, 172 S. E., 364, *Stacy, C. J.,* aptly decries a similar effort made in that case, saying: "Equity pursues the right, abhors the wrong, and enjoins upon all persons 'to live honestly, to harm nobody, to render to every man his due.' Justinian."

There was error in the ruling of the court below, and this cause is remanded with directions that judgment be entered that plaintiffs be entitled to redeem upon condition that the plaintiffs, within a reasonable time to be fixed by the judgment, pay to the defendant Realty, Incorporated, the full amount bid and paid for the property, and interest thereon, and also reimburse this defendant for such taxes and penalties due as have been since paid by it on the described property, and that if this be done defendant's deed be set aside; and if these amounts be not paid within such reasonable time, the right to redeem will be conclusively held to have been abandoned and the title of the defendant Realty, Incorporated, thereupon adjudged in fee simple, freed from plaintiffs' claim. C. S., 8039.

Error and remanded.