W. J. RUSSELL v. PAUL FULTON ET AL.

(Filed 8 June, 1940.)

**Taxation § 42—**

    Plaintiff, the purchaser of property at the foreclosure of the tax sale certificate in regular proceedings *is held* entitled to the cancellation, as a cloud on title, of a deed executed by the taxpayer on the day subsequent to the execution and registration of the commissioner's deed to plaintiff, defendants being charged with notice, and it not being necessary that they should have been made parties, since they acquired no interest in the land until after the tax lien had been foreclosed.

APPEAL by defendants from *Rousseau, J.,* at March Term, 1940, of GUILFORD.

Civil action to remove cloud on title.

The case was heard upon an agreed statement of facts.

In 1935 Sarah Boone owned a vacant lot in the city of High Point. It was duly listed for taxes which were regularly assessed against it. The taxes for the year in question were not paid and the property was duly offered for sale and bid in by the city of High Point. Seasonably thereafter on 23 May, 1938, suit was brought by the city against Sarah Boone to foreclose the tax sale certificate, which was duly prosecuted to judgment, sale had on 13 November, 1939, and the plaintiff became the highest bidder for the sum of $582.05. On 8 February, 1940, plaintiff received deed from the commissioner and same has been duly registered.

On 9 February, 1940, Sarah Boone executed deed purporting to convey the lot in question to the defendants. It is agreed that the defendants had no personal knowledge of the proceeding under which plaintiff acquired deed, albeit the proceeding was a matter of public record.

It is stipulated that if the plaintiff's deed is sufficient to pass title, he is the owner in fee of the premises; otherwise, it is agreed the defendants are the owners.

The court rendered judgment for the plaintiff and ordered that defendants' deed be removed as cloud on plaintiff's title, from which the defendants appeal, assigning error.

*G. H. Jones for plaintiff, appellee.*

*C. R. McIver, Jr., for defendants, appellants.*

STACY, C. J. The regularity of the assessment, sale for taxes, foreclosure of tax sale certificate, and purchase by plaintiff are all admitted. *Orange County v. Jenkins,* 200 N. C., 202, 156 S. E., 774. It is the

contention of the defendants "that they have certain rights under the law as it existed in 1935, which they may exercise at their option." Whatever rights the defendants may have, if any, are not asserted in this action. They suggest on brief that, if so advised, they may yet redeem under C. S., 8038. As to this, the case of *Hines v. Williams,* 198 N. C., 420, 152 S. E., 39, would seem to be an authority against them. See, also, *Drainage Comrs. v. Lumber Co.,* 193 N. C., 21, 136 S. E., 248. The judgment in the foreclosure proceeding, admittedly regular in all respects, is apparently binding on them as their predecessor in title, the sole owner of the land at the time, was a party to the proceeding. *Hill v. Street,* 215 N. C., 312, 1 S. E. (2d), 850.

The suggestion that defendants are not bound by the foreclosure proceeding, because they had no personal knowledge thereof, although a matter of public record, is untenable. There was no occasion to make them parties as they had no interest in the land at the time. *Orange County v. Wilson,* 202 N. C., 424, 163 S. E., 113.

On the record as presented, no error has been shown. *Price v. Slagle,* 189 N. C., 757, 128 S. E., 161. The judgment is supported by the stipulation of the parties.

Affirmed.