W. BLOUNT RODMAN, Commissioner, v. Z. V. NORMAN.

(Filed 20 May, 1942.)

**1. Taxation § 40c—C. S., 1744, may be invoked in action to enforce tax lien against land held by life tenant with contingent limitation over.**

The land in question was held by a life tenant with contingent limitation over, the persons entitled to the remainder not being determinable until the death of the life tenant. The land was mortgaged by the life tenant and the mortgage was foreclosed upon default. *Held:* In an action to foreclose the lien for taxes against the land under C. S., 7990, in which the purchaser at the foreclosure sale, the life tenant and the known contingent remaindermen are made parties, the minor contingent remaindermen and those not *in esse*, and the unknown contingent remaindermen may be represented by guardian *ad litem* under C. S., 1744, and when the provisions of both statutes have been fully and accurately followed the purchaser at the commissioner's sale acquires the fee simple title.

**2. Same: Judgments § 29—**

In an action under C. S., 7990, to enforce the lien for taxes against lands affected by a contingent limitation over, in which each class of contingent remaindermen is represented by defendants actually served and answering, the judgment is binding upon all contingent remaindermen by class representation.

APPEAL by defendant from *Carr, J.,* at October Term, 1941, of WASHINGTON.

This action was heard upon an agreed statement of the facts, substantially as follows:

1. The late Mary J. Bateman was the owner of the land involved, and disposed of it by will duly admitted to record in Washington County, by devise in the following language: "I give subject to the life estate of my said husband the land divided to me by the commissioners who divided the lands of my late father, W. T. Freeman, to my two children, Henry L. and Lizzie E., said lands to be divided between said children as follows: the canal shall be the dividing line between them, Henry having all on the North of said canal, and Lizzie all on the South, the said Henry and Lizzie shall each have only a life estate in and to said lands so given to them and at their death the said lands so given to them shall respectively go to their living children or the issue of such as are dead, said issue representing their deceased parents, in the event there are no issues of the said Henry or the said Lizzie living at the death of their respective parents (that is, children or grandchildren) the said lands so given to each of said parties respectively for their lives shall go to their other brothers and sisters or the issue of such as are dead."

2. That Lizzie E. Bateman subsequently married Robert Bowen, and she and her husband executed a mortgage on the land involved, which was foreclosed by action in the Superior Court, in which foreclosure action the commissioner appointed by the court conveyed the interest in said land of Lizzie E. Bowen (née Bateman) to E. M. Brown.

3. That the said land was listed for taxation in Washington County in the name of Lizzie Bowen for the year 1931, and for subsequent years, including 1938, in the name of E. M. Brown. That the taxes levied by Washington County being in default from 1931 to 1938, both inclusive, action was instituted by Washington County against E. M. Brown et al., in the Superior Court on 23 February, 1940, under C. S., 7990, for the foreclosure of the tax liens upon said land.

4. That the plaintiff in said action for the foreclosure of tax liens endeavored to ascertain the names of the children and grandchildren of Lizzie E. Bowen (née Bateman) and the children of her brothers and sisters in an effort to make them parties defendant to said action, and did make parties of such contingent remaindermen whose names could be ascertained. That the order of the clerk of the Superior Court directed that the published notice to the defendants "require that all other persons having or claiming an interest in said property take notice that this action has been commenced in the Superior Court for the foreclosure of said tax liens, and that the said notice so published duly contained the notice to unknown parties above referred to."

5. That Lizzie E. Bateman (subsequently Bowen, subsequently Passailaigne) had no sister, but had two brothers, both of whom, along with her, were made parties to the aforesaid foreclosure action, and that Lizzie E. Bateman and her two brothers each had two children or more who were made parties to said action.

6. That W. R. Gaylord was appointed guardian ad litem for all defendants known to be minors or incompetents, and as such guardian duly filed answer on 10 May, 1940; and subsequently W. R. Gaylord was appointed guardian ad litem for all unknown parties claiming an interest in the land involved, and for the unborn children of Lizzie E. Bateman Bowen, and her two brothers, and for these parties he duly filed answer on 5 February, 1941.

7. That pursuant to judgment of foreclosure, W. Blount Rodman, the commissioner therein appointed, duly offered said land for sale at public auction, and Z. V. Norman became the last and highest bidder for the same at the first sale, and at a second sale made after an upset bid had been made.

8. That the sale to Z. V. Norman was duly confirmed by the clerk of the Superior Court on 15 September, 1941, and approved by Carr, judge presiding over the October Term, 1941, of the Superior Court of Washington County.

9. That W. Blount Rodman, Commissioner, has tendered a deed to Z. V. Norman, sufficient in form to convey a fee simple title, and has demanded that he accept the same and pay the purchase price, but the said Z. V. Norman has declined to so do.

*W. Blount Rodman and Margaret C. Johnson for plaintiff, appellee.*
*Z. V. Norman for defendant, appellant.*

SCHENCK, J.  It is the contention of the defendant that the court was without authority in the case of Washington County *v.* E. M. Brown *et al.,* to order the sale of the land involved on account of the interests of the contingent remaindermen; whereas on the other hand it is the contention of the plaintiff that any interest of the contingent remaindermen was brought under the authority of court by reason of the fact that any such remaindermen were made parties to the action of Washington County *v.* Brown *et al.,* the minors and incompetents among them being represented by a guardian *ad litem,* as well, also, as any unknown and unborn remaindermen; and, further, by such contingent remaindermen being represented by members of the same class among the adult defendants in said action.

This action was instituted under the provisions of C. S., 7990 and 1744, the former of which reads in part: "A lien upon real estate for taxes or assessments due thereon may be enforced by an action in the nature of an action to foreclose a mortgage, in which action the court shall order a sale of such real estate, or so much thereof as shall be necessary for that purpose, for the satisfaction of the amount adjudged to be due on such lien, together with interest, penalties, and costs allowed by law, and the costs of such action . . ."; and the latter of which reads in part: "In all cases where there is a vested interest in real estate, and a contingent remainder over to persons who are not in being, or when the contingency has not yet happened which will determine who the remaindermen are, there may be a sale or mortgage of the property by a proceeding in the superior court, which proceeding shall be conducted in the manner pointed out in this section.  Said proceeding may be commenced by summons by any person having a vested interest in the land, and all persons *in esse* who are interested in said land shall be made parties defendant and served with summons in the way and manner now provided by law for the service of summons in other civil actions, as provided by section 479, and service of summons upon nonresidents, or persons whose names and residences are unknown, by publication as now required by law or such service in lieu of publication as now provided by law.  In cases where the remainder will or may go to minors, or persons under other disabilities, or to persons not in being whose names and resi-

dence are not known, or who may in any contingency become interested in said land, but because of such contingency cannot be ascertained, the clerk of the superior court shall, after due inquiry of persons who are in no way interested in or connected with such proceeding, designate and appoint some discreet person as guardian *ad litem,* to represent such remainderman, upon whom summons shall be served as provided by law for other guardians *ad litem,* and it shall be the duty of such guardian *ad litem* to defend such actions, . . ."

From the agreed facts it appears that the two aforesaid statutes have been accurately and fully followed in this action, and that the statutes are applicable to said facts. While it is true we find no case in our reports where the sale of a contingent remainder has been made in the foreclosure of a tax lien, yet no valid reason is advanced why these two statutes cannot be invoked in the same action. In the instant case "a lien upon real estate for taxes . . . due thereon" is sought to "be enforced by an action" and "there is a vested interest in real estate and a contingent remainder over to persons who are not in being," and "the contingency has not yet happened which will determine who the remaindermen are," hence the provisions of both statutes have been met, and it would appear, therefore, that the judgment of the Superior Court should be affirmed.

It would further appear that the judgment of the Superior Court should likewise be affirmed for the reason that each class of contingent remaindermen created by the will of the late Mary J. Bateman was represented among the defendants actually served and answering. They include children and grandchildren of the life tenant, Lizzie E. Bateman, and the brothers of the life tenant (there was no sister) and the children of such brothers—all of these being *in esse* and first in remainder after the expiration of the life estate.

In *Lumber Co. v. Herrington,* 183 N. C., 85, 110 S. E., 656, it is said: ". . . the accepted doctrine is that a remainder to a class of children or more remote relatives, vests in right, but not in amount, in such of the objects of the bounty as are *in esse* and answer the description, 'subject to open and let in' any that may afterwards be born before the determination of the particular estate; and a sale may generally be authorized by the court where in case of a remainder to a class, those of the class who are *in esse* represent the others. In such case it is assumed that those who represent a particular class will protect the interest of all who have or may acquire an interest in the remainder." And in *Springs v. Scott,* 132 N. C., 548, 44 S. E., 116, it is said: "1. That without regard to the Act of 1903, the Court has power to order the sale of real estate limited to a tenant for life with remainder over to children or issue upon failure thereof, over to persons, all or some of whom are not *in esse,* when

one of the class being first in remainder after the expiration of the life estate is *in esse* and a party to the proceeding to represent the class, and that, upon decree passed, and sale and title made pursuant thereto, the purchaser acquires a perfect title as against all persons *in esse* or *in posse*." In *Hines v. Williams,* 198 N. C., 420, 152 S. E., 39, land was sold at a tax foreclosure sale and the purchaser brought suit declining to take deed because, as he contended, the commissioner could not convey an indefeasible title. However, the Court held that although the land sold was subject to a life estate with contingent remainder over, involving the interests of children living and unborn, where the certificate was duly foreclosed, a guardian *ad litem* appointed for the infant defendants had filed an answer, and another guardian *ad litem* appointed to represent the unborn children and all persons who may have had an interest in the land had also filed answer, "it appears that the infant defendants and all persons having a vested or contingent interest in the land have had their day in court," and that therefore "they are bound by the judgment and that the deed conveys title in fee to the purchasers."

The judgment of the Superior Court is
Affirmed.