SOUTHERN SPRUCE COMPANY v. HUNNICUTT et als.

(Filed 30 May, 1914.)

1. Appeal and Error—Assignments of Error—Rule of Court.

The assignments of error on appeal should indicate the ground of the exceptions relied upon with such definiteness and particularity that the Court may examine into them without having to search the record to ascertain where and what they are; and the rule as to such assignments may not be waived by parties without the consent of the Court.

2. Corporations—Deeds and Conveyances—Probate.

The probate of a deed of a corporation will not be held as defective when it appears to have been made in substantial compliance with the statute, as in this case.

3. Deeds and Conveyances—Probate—De Facto Acts—Appeal and Error—Presumptions.

Where the probate of a deed appears to be regular on its face, and taken before one apparently acting as a justice of the peace, it will be effectual as the act of an officer *de facto*, if not *de jure;* and where the incapacity of such officer does not appear in the record, the one who takes under the grantee will be adjudged to have acquired a good title.

4. Pleadings—Admissions—Trials—Proof.

In an action to recover land the defendant cannot avail himself of the objection that there is no evidence of possession of the land by him when the complaint alleges possession by the defendant, and this allegation is not denied in the answer.

5. Equity—Estoppel—Bond for Title—Laches.

The defendants in this case are barred in equity of their rights claimed under a bond for title to lands by the long lapse of time in which they failed to assert them, which is not affected by reason of their supposing that they had a different and superior valid title.

Appeal by defendant from *Shaw, J.,* at October Special Term, 1913, of Swain.

This is an action to recover land, and damages for wrongfully withholding possession thereof.

The defendants denied the title of the plaintiffs, and set up an equity under a bond for title of date 22 November, 1882, but which was not registered until 4 January, 1904.

SPRUCE Co. *v.* HUNNICUTT.

The land in controversy had been in either the actual or constructive possession of the plaintiff and its predecessors in title from the date of the grant up to the year 1911, one of the plaintiff's predecessors in title having lived on one of the tracts continuously for more than seven years. These lands, from the date of the grant to the date of plaintiff's deed, had passed through the hands of some nine or ten different owners and had increased in value from 50 cents per acre to from $15 to $20, according to defendant's evidence.

The defendant's ancestor, James M. Hunnicutt, had never during his lifetime placed the bond to record or instituted any suit to test its validity or seek to compel specific performance, he having died about the year 1903; neither did the defendants contend that the purchase money had been paid as provided in said instrument. They did, however, offer evidence that $21 had been paid at one time, which assertion was controverted by J. A. Chambers, the party who executed the bond, he testifying that he had never received a penny either from Whitt or Hunnicutt.

There was no evidence tending to show that any of the plaintiff's predecessors in title had notice of the existence of bond from the year 1882 till the date of registration in 1904, except that one or two witnesses testified that it was rumored in the community that Chambers had executed a bond to Whitt and Hunnicutt, and the further testimony of one of the defendants that Franklin Gibson, a former owner, had told him that he knew of the bond when he bought the land in 1892. Gibson, however, testified that he never heard of the bond until years after he had purchased the tract.

The defendants' only excuse for neglecting to assert their rights, if they ever had any under the bond, was that their ancestor, some time after the date of the bond, was informed by one Clarke Whittier that a large tract he owned covered the tract embraced in the bond and was an older and better title. Hunnicutt took no further action either by offering to pay the money provided for in the bond or requesting title to be made thereunder; neither was any action taken by his heirs at law until

some eight or nine years after his death, when one of them moved into a vacant house on said land and asserted that he and his codefendants were the owners of the same.

The plaintiff offered a connected chain of title from the State covering the land in controversy, subject to the objection of the defendant to the admissibility of two deeds in the chain of title, objected to on account of defect of probate.

The first of these deeds was from the "Three M Lumber Company, a corporation, to W. S. Harrey," the probate of which was as follows:

"STATE OF NORTH CAROLINA—Buncombe County.

"I, W. B. Williamson, a notary public in and for said county of Buncombe and State of North Carolina, do hereby certify that on this day the due execution of the foregoing deed by the Three M Lumber Company, a corporation, the grantor therein, was duly proved before me by the oath and examination of G. W. Morris and Frank L. Mitchell; and the said G. W. Morris being by me duly sworn, says: That he is the vice president of the said Three M. Lumber Company, and the said Frank L. Mitchell is the secretary and treasurer; that the seal affixed to the foregoing deed is the corporate seal of said company, and was thereto affixed by him, the said G. W. Morris, by the authority of the board of directors of said company, and that he by like authority signed the name of said company to said deed by himself as its vice president, as aforesaid, and that the name of said company thereto appearing was so signed by him as such its vice president, and that the said Frank L. Mitchell at the same time attested said deed as the secretary and treasurer of said company as aforesaid, and that he was present and saw the said Frank L. Mitchell so attest said deed and sign his name thereto as so attesting the same.

"And the said Frank L. Mitchell, being duly sworn, says that he is the secretary and treasurer of the said the Three M. Lumber Company, and that G. W. Morris is the vice president, and that he, the said Frank L. Mitchell, knows the corporate seal of said company, and that the corporate seal of said company is attached to the foregoing deed, and was thereto attached by the

said G. W. Morris, its vice president as aforesaid, by order of the board of directors of said company; and by like authority the said Morris as its vice president signed the name of said company to said deed by himself as such vice president, and that the said Frank L. Mitchell, as the said secretary and treasurer of said company as aforesaid, attested said deed and signed his name thereto as so attesting the same, and that the said G. W. Morris so affixed to said deed the name of said company by himself as its vice president as aforesaid in the presence of the said Frank L. Mitchell."

The second of these deeds was from one Enloe to Connor, in August, 1893. The probate was regular in form. This deed was probated before J. A. Chambers, a justice of the peace. The clerk adjudged the probate to be in due form, and ordered the deed to be registered. There was no record of Chambers being a justice of the peace after 1902, but he testified that he was an acting justice at the date of the probate.

There was a verdict and judgment for the plaintiff, and the defendants appealed.

The assignments of error are as follows:

EXCEPTIONS GROUPED.

*Plaintiff's evidence:*

Par. (1)   Case on appeal, admission of Three M Lumber Company deed.

Exceptions under Hinsdale Act, Pars. (13)-(26). Case on appeal.

*Defendant's evidence:*

Par. (15)   Case on appeal, excluding testimony in Reagan's evidence.

Par. (17)   Case on appeal, excluding testimony in Mrs. Hunnicutt's evidence.

Par. (19)   Case on appeal, excluding testimony in Will Gibson's evidence.

Par. (21)   Case on appeal, excluding testimony in Spurgeon Hunnicutt's evidence.

Par. (22)   Case on appeal, excluding testimony in W. A. Hunnicutt's evidence.

*Plaintiff's evidence in rebuttal:*

Par. (23)   Case on appeal, admission of Enloe deed to Connor, probated August, 1905.

Pars. (24)-(25)   Case on appeal, admission of Chambers' evidence and note handed him, and all he said about it, and his other evidence, duly excepted to.

Par. (27)   Case on appeal, exception to charge as given and noted.

Pars. (31)-(32)   Case on appeal, exception to refusal to submit defendant's issues.

Case on appeal, exception to refusal to give defendant's special instructions.

*Bryson & Black for plaintiff.*
*F. C. Fisher for defendant.*

ALLEN, J.   The Court might well decline to consider any of the exceptions in the record for failure on the part of the appellant to comply with the rules in making the assignments of error.

The records are increasing in size year by year, and the Court requires for its own convenience and in the interest of justice that the exceptions or assignments of error shall be stated at the close of the case on appeal, and that they should at least indicate the ground of the exception, without requiring the Court to search for it through the record.

The rule is simple, easy to comply with, and one that counsel cannot waive without the consent of the Court.

We have, however, examined the exceptions principally relied on.

In *Withrell v. Murphy,* 154 N. C., 89, *Justice Manning,* quoting from 1 Enc. L. and P., 963, states the rule in regard to the requirements to constitute a sufficient probate to a corporate deed as follows:

"It must appear, when read in connection with the deed, that the person making the acknowledgment was authorized to execute the instrument for the corporation; that he was known, or proved, to be the corporate official he represented himself to be,

and that he acknowledged the instrument to be the act and deed of the corporation. The substantial showing of the requisite facts is all that is required, and where the instrument purports to be the act of the corporation the certificate will not be held defective because it recites that the person who executed it in behalf of and under authority from the corporation, acknowledged it to be his act and deed, instead of that of the corporation."

Applying the above rule to the probate or certificate of the deed of the corporation, we find:

First. That it was taken before the proper officer, a notary public of Buncombe County, North Carolina; that the certificate recites that the instrument to which the proof was being taken was the deed of the Three M Lumber Company, a corporation, and said acknowledgment was made upon the oath and examination of G. W. Morris and Frank L. Mitchell. That Morris signed the deed as vice president of the grantor company, and the said Mitchell attested it as its secretary. The certificate states that this officer, the vice president, under oath, stated that G. W. Morris was the vice president of the Three M Lumber Company and that Frank L. Mitchell was its secretary and treasurer; that the seal affixed to the deed was the corporate seal of the company and that the same was affixed by the vice president by the authority of the board of directors, and that by such authority he signed it in the corporate name by himself as vice president. Morris further states that F. L. Mitchell was the secretary and treasurer of the company, and that said Mitchell signed his name in his presence in attestation of said deed. Frank L. Mitchell stated upon his oath that he was the secretary and treasurer of said corporation and that G. W. Morris was its vice president; that he knew the corporate seal of the company, and that the same was attached to said deed by said Morris, its vice president, under the authority of the board of directors, and that the same was signed by said Morris under like authority, and that under the same authority he signed his name in attestation thereto. That said Morris signed said instrument in his presence.

Under the rule laid down in the case above cited, we are unable to see why the above certificate is not a substantial compliance with the requirements of the Revisal.

The objection to the probate of the deed by Chambers, justice of peace, is equally without merit.

He swears that he was then acting as a justice of the peace; and if so, his acts would be effectual as an officer *de facto,* although not an officer *de jure* (*Hughes v. Long,* 119 N. C., 52), and it is well settled that where the incapacity of an officer who takes a probate does not appear on the record, as in this case, one who takes under the grantee gets a good title. *Blanton v. Bostic,* 126 N. C., 421.

The point made in the brief of appellant, that there is no evidence that the defendants were in possession of the land, is met by the allegation of possession in the complaint, which is not denied in the answer.

The exceptions to evidence require no discussion, and they do not seem to be relied on in the brief.

No sufficient excuse is presented for the delay in prosecuting the rights of the defendant under their bond for title, and the equity is barred upon the admitted facts.

No error.