Motion, on special appearance, to have a judgment declared of no effect and to dismiss the action for want of jurisdiction. The facts are as follows: *Page 411 
1. That the original summons in this action was issued on 30 May, 1929, and was received by the sheriff of Wake County on 16 July, 1929, and attempted to have been served by said sheriff on 16 July, 1929, and that said receipt by said sheriff of Wake County and attempted service by said sheriff was more than 30 days after issuance of said summons out of Pasquotank County by the clerk; that said summons was returned to Pasquotank County after 16 July, 1929, and that said attempted service was not made within 10 days after its issuance; that said attempted service was done by delivering a copy of the summons and complaint to J. A. Hartness, Secretary of State.
2. The court further finds as a fact that the defendant, on 2 August, 1929, after written notice to the plaintiff, according to law, moved before N.E. Aydlett, clerk Superior Court of Pasquotank County, upon a special appearance, to dismiss the action, which dismissal the clerk granted. That, at said hearing, the plaintiff moved for an alias summons and the clerk denied said motion; that, to said order and ruling of the clerk, the plaintiff in apt time excepted and appealed. Notice of appeal was given in open court and further notice was waived. That, at October Term, 1929, the motion on appeal was heard before Judge Clayton Moore, and Judge Moore ordered an alias summons be issued by the clerk of the court of Pasquotank County. That a summons issued out of Pasquotank County on 27 January, 1930, marked "Alias Summons." That same was received on 31 January, 1930, and served on 31 January, 1930, on J. A. Hartness, Secretary of State, by N. F. Turner, sheriff of Wake County. That there is nothing to indicate connection of the summons of 31 January, 1930, with the summons of 30 May, 1929, other than the caption of the summons and the word "Alias" written above the word "Summons."
3. The court further finds as a fact that on 10 March, 1930, the clerk entered judgment by default against defendant in favor of plaintiff in the sum of $800, together with interest and the costs.
4. That on 10 April, 1930, defendant company gave notice of special appearance and motion to vacate the above judgment and to dismiss the action; service of such notice was accepted by attorney for the plaintiff. That motion was made on 21 April, 1930, and judgment entered by the clerk vacating the judgment, and dismissing the action.
5. The court finds as a fact, and this finding is made by agreement of all parties to this action, that the property of the defendant, situate in Gates County, was conveyed by defendant on 18 June, 1929, and said deed was filed for registration on 21 June, 1929, at 2:30 o'clock p.m., and registered 21 June, 1929, in the register of deeds office in Gates County, North Carolina, conveying the lands of the defendant to Richmond Cedar Works. *Page 412 
6. The court further finds as facts: That since the conveyance of the aforesaid property (to wit, on 18 June, 1929), the defendant has owned no property in North Carolina, nor done any business in said State.
7. It is agreed by both plaintiff and defendant, and the court finds it as a fact, that the defendant is a foreign corporation.
It was adjudged that at the time of the attempted service of summons on the Secretary of State, on 16 July, 1929, the defendant owned no property and was not doing business in North Carolina; that service by the sheriff of Wake County of the paper marked in ink over the printed word "Summons," on the Secretary of State was not a service of process on the defendant and did not give the court jurisdiction, the defendant owning no land and doing no business in North Carolina; that the judgment of the clerk rendered 10 March, 1930, is a nullity; that it be canceled, and that the action be dismissed. The plaintiff excepted and appealed.
The essentials of jurisdiction are these: (1) The court must have cognizance of the class of cases to which the one to be adjudged belongs; (2) the proper parties must be present; (3) the point decided must be, in substance and effect, within the issue. Thompson v. Humphrey, 179 N.C. 44,55; McIntosh's Prac. Pro., sec. 6.
In this case the second essential is lacking; the defendant was not in court. Every corporation having property or doing business in this State, whether incorporated under its laws or not, shall have an officer or agent in this State upon whom process in all actions or proceedings against it can be served, and if it has no such agent process may be served by leaving a copy with the Secretary of State. C. S., 1137; Lunceford v. Association,190 N.C. 314.
The defendant is a foreign corporation. It neither owned property nor was doing business in the State when the first or the second attempted service of process was made on the Secretary of State. This question was not before Judge Moore. He merely held that the motion for an alias summons was made within the time allowed by the law.
Judgment affirmed. *Page 413