### WAKE COUNTY v. SION FAISON.

(Filed 25 January, 1933.)

**Taxation H c—Deed tendered at foreclosure sale of tax certificate held defective.**

The owner of certain land failed to list same for taxes. The land was listed on the tax books in the name of a person other than the owner and was sold for delinquent taxes and bought in by the county and the tax certificate foreclosed: *Held,* the county could not convey a good title to the purchaser at the foreclosure sale it being necessary that the method for the listing and collection of taxes provided by statute should be followed.

APPEAL by defendant from *Harris, J.,* at Chambers in Raleigh, 14 May, 1932. From WAKE. Error.

This is a controversy without action. The facts are agreed upon. The action is to determine the validity of a foreclosure certificate of sale for tax of certain land. The material part of the facts agreed upon for the decision of this cause are as follows: "That for a number of years prior to and for the year 1926, and since that year there was and is now listed on the tax books of Wake County in the name of Mrs. O. J. Shell estate 40 acres Oaks' Land in St. Matthews Township; that the taxes for the year 1926, have not been paid; that the land was sold by sheriff of Wake County on 3 October, 1927; that Wake County became the last and highest bidder and received from said sheriff a tax sales certificate describing the land as '40 acres Oaks, St. Matthews Township.' That the records in the office of the register of deeds of Wake County disclose that the tract of land sold under this proceeding *shows that the title to the land sold was in one H. H. Powell;* that the said Powell has not listed the property for tax during the past ten years as required by law. That on 14 November, 1931, the commissioner prepared and tendered to the defendant a deed for said premises but said defendant refused to accept same because of the points of difference between the plaintiff and defendant as herein set out being as follows: The plaintiff contends: That the deed tendered by the plaintiff to the defendant covering said premises, dated 14 November, 1931, was a good and sufficient deed to convey the premises in fee, free from the claim of any person whomsoever."

This contention was disputed by defendant. The court below rendered judgment for plaintiff. The defendant excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*John W. Hinsdale for plaintiff.*
*E. D. Flowers for defendant.*

CLARKSON, J. The parties to the controversy have agreed upon the facts. The question for decision: Was the deed good and sufficient to convey the real estate in fee simple, free from the claim of any person whomsoever? We think not. The record discloses "that the title to the land sold was in one H. H. Powell." The fact that he has not listed the property for tax does not give the right to list the land as "Mrs. O. J. Shell estate" and sell same and foreclose the tax certificate and make a fee-simple title to the land, as was attempted to be done in this action.

N. C. Code, 1931 (Michie), 7971(36), in part, is as follows: "(1) *Every person owning property, real or personal,* is required to list," etc. If Powell did not list his property, there is a method provided by law.

N. C. Code, 1931 (Michie), 7971(50). See, also, Public-Local Laws, 1911, chap. 452, sec. 14, applicable to Wake County, North Carolina.

The law is plenary as to the listing and collection of taxes, but the method provided by the General Assembly must be followed. We construe, but cannot make, the law. In the judgment of the court below, there is

Error.