FORSYTH COUNTY v. JOHN C. JOYCE AND F. B. FRIES JOYCE, THE CITY OF WINSTON-SALEM, CLISTUS FRIES, AND JOHN C. JOYCE, GUARDIAN AD LITEM FOR CLISTUS FRIES.

(Filed 14 June, 1933.)

**1. Taxation H b—Tax certificate on lands of minor may be foreclosed by suit.**

Under our present procedure tax sales certificates on the lands of minors may be foreclosed by action in the nature of an action to foreclose a mortgage, the minor being represented by a guardian *ad litem* and his interests being subject to the supervision and protection of the courts, chapter 221, Public Laws of 1927, chapter 334, Public Laws of 1929, C. S., 451, and the provisions of C. S., 7984, and the last clause of C. S., 8038 in so far as they relate to minors are now ineffective.

**2. Same—Action to foreclose tax certificate in this case held not barred by statute of limitations.**

> Where a suit to foreclose a tax certificate is instituted against the person listing the property for taxation and the property is sufficiently described, the action is maintainable although the title to the land is in another, C. S., 8019, and where the owner is a minor and he is made a party and is represented by a guardian *ad litem* the first action is not discharged, and under the provisions of chapter 204, section 4, Public Laws of 1929, which extended the time in which tax foreclosure actions could be instituted on tax certificates issued in 1927 or prior thereto, an action instituted in September, 1929, against the person in whose name the land was listed to foreclose tax certificates for the years of 1924, 1925, 1926, and 1928, in which the minor owner was made a party by summons issued in February, 1932, and in which the minor owner was represented by a guardian *ad litem* who filed answer, is not barred by the statute of limitations.

APPEAL by defendants from *Clement, J.,* at June Term, 1932, of FORSYTH.

This is an action to foreclose a certificate of sale of a minor's real property. A complaint and answer were duly filed and the cause was heard upon the following agreed statement of facts:

1. That the plaintiff is a municipal corporation organized and existing under and by virtue of the laws of the State of North Carolina; that the defendants are residents of Forsyth County, and State aforesaid; and the defendant, city of Winston-Salem, is a municipal corporation organized and existing under and by virtue of the laws of the State of North Carolina.

2. That Clistus Fries, a minor seventeen years of age, inherited from his father, F. B. Fries, in August, 1921, and is now the owner in fee simple of the following described tract of land: (description of lot follows).

3. That the said property was listed for taxes in Forsyth County, North Carolina, in the years 1924, 1925, 1926, 1927, 1928, and 1929, by the defendant, John C. Joyce.

4. That the said listing was copied and used by the city of Winston-Salem in assessing its taxes for the same years.

5. That the taxes of Forsyth County assessed against said property for the said years are as follows:

| | |
|---|---|
| 1924 | $28.40 |
| 1925 | 27.98 |
| 1927 | 29.30 |
| 1928 | 30.65 |
| 1929 | 30.20 |

6. That the taxes assessed by the city of Winston-Salem against the said property for the respective years are as follows:

| | |
|---|---|
| 1924 | $57.44 |
| 1925 | 51.61 |
| 1926 | 53.92 |
| 1927 | 60.32 |
| 1928 | 59.05 |
| 1929 | 66.54 |

7. That the sheriff or tax collector of Forsyth County, pursuant to proper advertisement, sold the said property for the 1924 taxes 3 August, 1925; for the 1925 taxes 7 September, 1926; for the 1927 taxes 4 September, 1928; for the 1928 taxes 5 August, 1929; for the 1929 taxes 2 September, 1930; and at each of the said sales the county of Forsyth became the last and highest bidder and the sheriff or tax collector issued to the said county a tax sales certificate.

8. That the tax collector for the city of Winston-Salem sold the said property for taxes as follows: 1924 taxes 5 October, 1925; 1925 taxes 5 October, 1926; 1926 taxes 4 October, 1927; 1927 taxes 8 October, 1928; 1928 taxes 7 October, 1929; 1929 taxes 13 October, 1930; that at each of the said sales the city of Winston-Salem became the last and highest bidder and the tax collector issued to the said city a tax sales certificate for the said property.

9. That on 30 September, 1929, this action was instituted in Forsyth County, North Carolina, against John C. Joyce and wife, F. B. Fries Joyce and the city of Winston-Salem, and service was had on the said defendants on 2 October, 1929; that a complaint was filed in the said action of 30 September, 1929, against the said defendants to foreclose the tax sale certificate for the years 1924, 1925, 1927, and 1928, under section 8037 of the Consolidated Statutes then in force; that an answer was filed on 7 October, 1929, by the said defendant setting up therein that the minor, Clistus Fries, was the owner in fee simple of the said property described therein.

10. That on 30 September, 1929, an order was signed by the clerk of the Superior Court, directing the plaintiff to advertise that the said action had been brought for taxes for the years 1924 to 1928 inclusive, directing all persons having any interest in the subject-matter to appear in the office of the clerk of the Superior Court of Forsyth County within six months from the date of this notice and present and defend their respective claims upon pain in default thereof of being forever barred; that pursuant to the said order the said advertisement was run in a newspaper in Forsyth County once a week for four consecutive weeks.

11. That on 23 February, 1932, a summons was issued, from this court for Clistus Fries, the said minor, after properly making him a party thereto, and service was had upon the said Clistus Fries on 24 February, 1932, that an amended complaint was filed against Clistus Fries 23 February, 1932; that thereafter John C. Joyce was properly appointed guardian *ad litem* for the said Clistus Fries and the said guardian *ad litem* filed answer for the said minor after an extension of time allowed by the court on 12 April, 1932.

The trial court adjudged that the plaintiff recover the amount of taxes due it with the rate of interest prescribed by the statute and the costs of sale; that the certificate be foreclosed and the land sold by a commissioner after giving notice of the sale as provided by law; and that the taxes be paid out of the proceeds of the sale, including the taxes due the city of Winston-Salem.

The defendants excepted and appealed.

*Fred S. Hutchins and H. Bryce Parker for plaintiff.*
*Elledge & Wells and R. Glenn Key for defendants.*

ADAMS, J. The defendants raise the question whether under existing laws the land of a minor is exempt from sale during his minority for the nonpayment of taxes. The question calls for reference to the historical background of the several statutes relating to the subject.

As early as 1873 the General Assembly declared that the land of a minor should in no case be liable to be sold for taxes. Public Laws, 1872-'73, chap. 115, sec. 28(4). The substance of this statute appears in The Code (1883), sec. 3691; in the Revisal of 1905, sec. 2861; and in the Consolidated Statutes (1919), sec. 7984.

In 1885 the Governor of North Carolina, pursuant to legislative authority, appointed a commission to investigate the subject of taxation and to report a bill for listing and assessing property, for equalizing and collecting taxes, and for the sale of real and personal property in case of nonpayment. Public Laws, 1885, chap. 238. The commission made a report which, according to the Governor's Message to the General Assembly, was embodied in the Revenue and Machinery Act of 1887. Executive and Legislative Documents, 1887, p. 7. The act gave the owner or occupant of land (not under disability, evidently) the right to redeem it at any time within one year after the day of sale, and then affixed this proviso: "Infants may redeem any land belonging to them from such sale within one year after the expiration of such disability on like terms as if redemption had been made within one year from the date of said sale and from the date of each subsequent payment of taxes

thereon at the rate of 20 per cent per annum on the several amounts so paid by the purchaser until redemption." Public Laws, 1887, chap. 137, sec. 65.

This provision is inconsistent with the declaration that the real property of a minor shall not be sold for taxes. The right of redemption necessarily implies a previous sale; it is the sale from which the land may be redeemed.

The Machinery Act of 1887 laid down two modes of acquiring a tax title. The first was this: The purchaser could demand a certificate in writing to be signed by the sheriff, describing the land, stating the sum paid, and naming the time when he would be entitled to a deed. At any time within one year after the expiration of one year from the date of sale, the purchaser, upon production of the certificate and compliance with statutes requiring notices to be given and affidavits to be made, had a right to call for his deed. Public Laws, 1887, chap. 137, secs. 62, 69, 70, 71, and 72. In such event no action was necessary.

The other procedure was a foreclosure of the certificate by appropriate suit "in the same manner and with like effect as though the same were a mortgage executed to the owner of such certificate." Secs. 91, 92, 93, 104 *et seq.* Counties, also, were given the right of foreclosure. Sec. 101 *et seq.*

These two modes of acquiring title have been brought forward, with slight modification, in subsequent compilations of the laws, including the Consolidated Statutes, which became effective on 1 August, 1919. The logical and reasonable deduction from these facts is this: the Legislature intended that the clause permitting a minor to redeem his land after attaining his majority should apply only to cases in which the purchaser demanded a deed of the sheriff, and not to those in which the certificate was foreclosed by a formal action in the nature of a suit in equity. The reason is obvious. The purchasers' right to demand a deed was summary and could successfully be resisted only at the active instance of the taxpayer. But in a proceeding to foreclose the certificate the rights and property of the minor were subject to the supervision and protection of the court. As long as the two methods were recognized, it was necessary to preserve the right of redemption, although it appertained to only one of them; and this, we apprehend, explains the retention of the last clause in section 8038 of the Consolidated Statutes.

A radical change, however, was wrought by the act of 1927 and the amendments of 1929. They eliminate the purchaser's right to demand a deed and provide that relief shall be afforded only in an action in the nature of a suit to foreclose a mortgage. Public Laws, 1927, chap. 221, sec. 4; 1929, chap. 334. The delinquent shall be made a defendant,

and if a minor he must defend by a guardian, either general, testamentary, or *ad litem*. C. S., 451.

The amendments referred to resulted in a change of procedure and of substantive rights. The minor's right to redeem his land annulled the inhibition against its sale for taxes, and the protection of his interests by the court in a suit by the purchaser to foreclose his certificate abrogated the minor's right of redemption after final judgment. The result is that section 7984 and the last clause of section 8038 of the Consolidated Statutes, so far as they affect minors, are not now effective.

The changes pointed out are founded on the principle that the State cannot exist without the collection of taxes; that when any taxpayer or any property defaults in contribution to the public burdens, it throws upon those who pay their pro rata the burden of paying the taxes of those who default; that it has never been the policy of the law indefinitely to suspend the payment of taxes; and that the rule of uniformity is not consistent with the exemption of property from taxation, except as the latter is authorized by the Constitution. *McMillan v. Hogan,* 129 N. C., 314; *Southern Assembly v. Palmer,* 166 N. C., 75; *Keith v. Lockhart,* 171 N. C., 451; *Edgecombe County v. Walston,* 174 N. C., 55; *Hines v. Williams,* 198 N. C., 420.

In our opinion the plaintiff's cause of action is not barred by the statute of limitations. The first summons was issued 30 September, 1929, against John C. Joyce and his wife. Clistus Fries was not named as a party defendant; but the land was listed by John C. Joyce in his own name and it is provided that no sale of real estate shall be void because listed in the name of a person other than the real owner if sufficiently described unless the rightful owner has listed it and paid the taxes thereon. C. S., 8019; *Headman v. Commissioners,* 177 N. C., 261. The description is sufficient and the owner did not list the property for taxation. Moreover, the person in whose name the land has been listed, together with the wife or husband if married, shall be made defendant and served with process. Public Laws, 1929, chap. 334, sec. 2; *Orange County v. Wilson,* 202 N. C., 424. The action as at first constituted was maintainable and was not discharged by making the minor a defendant. "Any certificate of sale in the hands of any person, corporation, firm, county or municipality on which an action to foreclose has not been brought, which according to the terms of chapter two hundred and twenty-one of the Public Laws of one thousand nine hundred and twenty-seven should have been brought, shall have until December first, one thousand nine hundred and twenty-nine to institute such action. This action and extension shall and does include all such certificates whether the same were issued for the sale of one thousand nine hundred and

twenty-seven taxes and any and all certificates sold or issued prior thereto." Public Laws, 1929, chap. 204, sec. 4.

Statutes extending the time for the collection of taxes have been upheld with practical uniformity. *Hunt v. Cooper,* 194 N. C., 267. Conceding the rule that a new party may plead the statute of limitations we are confronted with the facts that the minor was made a party defendant within the time authorized by the statute for the prosecution of the action; that he was represented by a guardian appointed by the court, that he filed an answer, and that the law was duly administered. The tax against the lot in controversy has not been paid since 1924. We have given the briefs and the argument due consideration, and we must decline to interfere with the judgment in the absence of prejudicial error. Judgment

Affirmed.