NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMIS-
SION, PETITIONER, v. SARAH JANE BRANN, WIDOW; COUNTY OF FOR-
SYTH, AND CITY OF WINSTON-SALEM, RESPONDENTS.

(Filed 11 April, 1956.)

**1. Appeal and Error §§ 19, 22—**

Sufficiently specific exceptions to the findings of fact which are not entered until after filing of case on appeal, come too late and must be disregarded, and cannot aid broadside exceptions contained in the entries of appeal.

**2. Eminent Domain § 17—**

Evidence sustaining findings of the court that petitioner voluntarily paid the amount of compensation for land condemned as fixed by the Commissioners, which payment was immediately accepted by the landowner, supports the court's conclusion that petitioner had waived its exceptions to the order confirming the Commissioners' report.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by petitioner from *Johnston, J.,* September Term, 1955, FORSYTH. Affirmed.

Special proceeding under G.S. 136-19 to condemn land for public use as a highway right of way.

It is conceded that the proceeding was in all respects regular. The petitioner excepted to the order confirming the report of the commissioners and appealed from an adverse ruling thereon. Thereafter the petitioner delivered to the clerk a voucher in the sum of $14,500 (the appraised value of the land) bearing the notation "In payment of the

award . . .;" an order for immediate possession; and a letter stating that the motion for immediate possession was made "pursuant to the provisions of G.S. 40-19 . . ." Upon learning that the clerk had received the voucher, the *feme* defendant "immediately" accepted the same.

When the cause came on for hearing in the court below on the exceptions filed, the judge found the facts, including a finding that the payment made was voluntary, and concluded that such payment constituted a new offer to purchase which had been accepted, thereby constituting a completed agreement of purchase and sale, and petitioner had thereby waived its exceptions. Judgment was entered accordingly and petitioner appealed.

*R. Brookes Peters and McKeithen, Graves & Robinson for petitioner, appellant.*

*Hoyle C. Ripple for respondent, appellee.*

PER CURIAM. The exceptions contained in the entries of appeal are broadside in nature and therefore present no question of law for this Court to decide. The exceptions to specific findings of fact and conclusions of law made by the court below were not entered until the petitioner filed its case on appeal. They came too late and must be disregarded. No error appears on the face of the record.

Conceding—but not deciding—that the judge below might have reached a contrary conclusion, we are constrained to hold that the findings of fact and conclusions of law are supported by competent evidence. Hence decision here is controlled by the line of cases represented by *Highway Commission v. Pardington,* 242 N.C. 482, 88 S.E. 2d 102. Therefore, the judgment entered is affirmed on authority of the well-reasoned opinion by *Winborne, J.,* in the *Pardington case.*

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.