E. L. TRAVIS, SR., v. BEN H. JOHNSTON, MRS. ALLA JOHNSTON, M. R. JOHNSTON, SALLIE J. MacINTOSH AND ALVIN J. DICKENS, THE LAST TWO NAMES BEING MINORS UNDER TWENTY-ONE YEARS OLD AND WITHOUT GENERAL OR TESTAMENTARY GUARDIAN, AND ALL CHILDREN WHO MAY HEREAFTER BE BORN IN WEDLOCK OF BEN H. JOHNSTON OR SALLIE J. MACINTOSH, AND ROBERT L. JOHNSTON, GUARDIAN AD LITEM OF MERCER L. MacINTOSH AND ALVIN J. DICKENS.

(Filed 7 November, 1956.)

**1. Appeal and Error § 22—**

Unnumbered exceptions to the findings of fact which do not point out the particular findings challenged or the particular findings which the court failed to make as requested, and equally general assignments of error thereon, are insufficient and will not be considered. Rules of Practice in the Supreme Court Nos. 21 and 19(3).

**2. Appeal and Error § 21—**

An exception to the judgment presents the sole question whether the facts found are adequate to support the judgment.

**3. Judgments § 27b: Taxation § 40f—**

A judgment in a tax foreclosure suit is not void if it is rendered by a court which has authority to hear and determine questions in dispute and

jurisdiction over the parties to the controversy or their interest in the property.

**4. Taxation § 40b— .**

The clerk of the Superior Court has authority to order sale of land in tax foreclosure proceedings where the answer filed raises no issue of fact. G.S. 1-209.

**5. Same—**

Where land is taxed in the name of one of the life tenants, but in an action to foreclose a tax sale certificate (C.S. 8037) the minor remainder-men are served, personally or by publication, and a guardian *ad litem* duly appointed, who files answer, the court has jurisdiction of the parties, and the contention that the court lacked jurisdiction because the land was not properly listed for taxation is untenable.

**6. Infants § 13—**

No impropriety can be implied from the fact that the guardian *ad litem* accepts service of summons instead of requiring service by the sheriff.

**7. Infants § 15½ —**

A judgment against an infant on the answer filed by his guardian *ad litem* is not voidable unless and until it is established that the guardian *ad litem* did not in good faith act in the representation of his ward.

**8. Taxation § 42—**

An innocent purchaser at the foreclosure of a tax sale certificate, or an innocent purchaser from such purchaser, is protected from attacks on the order of sale and decree of confirmation when there is no defect appearing on the record.

**9. Judgments § 17b—**

Upon motion in the original cause presenting solely the question of the validity of the order of sale and decree of confirmation in the foreclosure of a tax sale certificate, the court is not called upon to adjudicate the title of a subsequent purchaser, and such adjudication will be stricken on appeal.

JOHNSON, J., not sitting.

APPEAL by movant from *Pless, J.,* March 1956 Special Term of HALIFAX.

Alvin J. Dickens, in February 1954, made a motion to vacate and set aside an asserted void order of sale and the confirmation thereof entered in 1932 in an action then pending in the Superior Court of Halifax County entitled "E. L. Travis, Sr. *v.* Ben H. Johnston, Mrs. Alla Johnston, M. R. Johnston, Sally J. McIntosh, Mercer L. McIntosh, and Alvin J. Dickens, the last two named being minors under twenty-one years old, and without general or testamentary guardian, and all children that may hereafter be born in wedlock of Ben H. Johnston, or Sally J. McIntosh." Movant also asked that the deed executed pur-

suant to said orders and all subsequent conveyances be declared void and of no effect. The motion was heard by the clerk. He decided adversely to movant. Movant appealed from the judgment of the clerk to Judge Pless, duly assigned to hold the March Special Term of Halifax Court. Judge Pless made findings of fact and denied the motion. Movant appealed.

*A. A. McDonald, Bryant, Lipton, Strayhorn & Bryant, and Robert I. Lipton for movant appellant.*

*W. Bernard Allsbrook and Dickens & Dickens for Lucius King and James Willis King.*

*Dickens & Dickens for Robert L. Johnston, Guardian ad Litem of Mercer L. MacIntosh and Alvin J. Dickens, W. O. McGibony, Trustee, and The Federal Land Bank of Columbia, S. C.*

RODMAN, J. Movant's exceptions are set forth in the appeal entries noted on the judgment. They are stated thus:

° "The petitioner-movent further objects to the findings of fact set forth for the reasons that said findings of fact are contrary to and not supported by the evidence in the case.

"The petitioner-movent further objects and excepts to the failure of the Honorable J. Will Pless, Jr. to enter the judgment heretofore tendered by the petitioner-movent to the court and for the further failure of the court to find the facts as set forth in the judgment tendered and refused.

"The petitioner-movent further objects and excepts to the conclusions of law set forth in the judgment of the Honorable J. Will Pless, Jr., dated the 12th day of June 1956, for the reasons that said conclusions of law are erroneous and are not based upon the evidence in this cause.

"The petitioner-movent further objects and excepts to the failure of the court to find the facts as submitted to the court by the petitioner-movent and for the further failure of the court to find the conclusions of law to be such as have been submitted to the court by the petitioner-movent."

None of the exceptions are numbered. The judgment rendered takes five pages of the record. It has twenty findings of fact. The judgment tendered by movant takes nearly six pages of the record. It sets out ten findings of fact, one of which has thirteen subsidiary findings. A casual comparison of the judgment tendered with the judgment rendered shows that many of the facts movant asks the court to find are made findings of fact by Judge Pless, but not always in the identical language suggested by movant.

The assignments of error are typified by Assignment No. 1: "That the court erred in finding the facts set forth in the judgment of the court dated June 12, 1956." It is manifest that the Rules of the Court have not been complied with. Rule 21 requires an appellant to state briefly and clearly as well as number his exceptions. Rule 19(3) requires the exceptions taken to be grouped and the error complained of concisely but definitely set out as a part of the assignment. The Court will not consider assignments not based on specific exceptions and which do not comply with its rules. *Highway Com. v. Brann,* 243 N.C. 758, 92 S.E. 2d 146; *S. v. Bittings,* 206 N.C. 798; *Thompson v. R. R.,* 147 N.C. 412; *Spruce Co. v. Hunnicutt,* 166 N.C. 202; *Lambert v. Caronna,* 206 N.C. 616, 175 S.E. 303; *Rawls v. Lupton,* 193 N.C. 428, 137 S.E. 175; *McKinnon v. Morrison,* 104 N.C. 354.

The failure of movant to take proper exceptions to the findings of fact and the failure to comply with the rules limit him to his fourth assignment of error, namely, to the judgment itself. This presents the question: Are the facts found adequate to support the judgment? *Byrd v. Thompson,* 243 N.C. 271, 90 S.E. 2d 394; *Bailey v. Bailey,* 243 N.C. 412, 90 S.E. 2d 696; *Coulbourn v. Armstrong,* 243 N.C. 663, 91 S.E. 2d 912; *Surratt v. Insurance Agency, ante,* p. 121.

The findings of fact made by Judge Pless may be summarized as follows:

John R. Johnston died in 1910, seized of three parcels of land described in a deed from A. Paul Kitchin, commissioner, to M. R. Johnston, recorded in Book 423, page 77.

John R. Johnston devised these lands to his wife, Alla Johnston, and his children, Ben H. Johnston and Sallie MacIntosh, for their lives, and at their deaths to the children of Ben H. Johnston and Sallie J. MacIntosh.

Movant Alvin J. Dickens is the lawful son of Sallie J. MacIntosh.

Among the records of Halifax County is a tax list for the year 1929 in the following form:

<blockquote>

"FULL NAME: Ben Johnson          Managed by Crews - farm<br>
"TOWNSHIP:<br>
"Real Estate Owned<br>
Farm Lands

| "No. Acres | Description of Property | Value |
|---|---|---|
| 469 | J. R. Johnston tract | 10,212 |
| 125 | Whitaker " | 3,000 |
| 25 | Allen " | 510 |
|  |  | 13,722 |

</blockquote>

"Total Value Real Estate $13,722
"Grand Total All Property $13,722"

R. L. Johnson was a licensed attorney in 1932.

E. L. Travis, Jr., the son of E. L. Travis, Sr., was duly qualified and acting clerk of the Superior Court of Halifax County during 1931 and 1932.

On or about 30 October, 1931, E. L. Travis, Sr., plaintiff, instituted a suit and filed a verified complaint under the provisions of North Carolina Statutes to foreclose a tax lien against certain property described in said complaint listed for taxation in the name of Ben Johnson.

Summons was issued by the clerk of the Superior Court of Halifax County on 30 October, 1931, to the sheriff of Wake County, commanding him to summon Alvin J. Dickens, and said summons was returned endorsed: "Received November 7, 1931. Served November 7, 1931 by delivering a copy of the within summons and a copy of the complaint to each of the following defendants: Alvin J. Dickens (signed) N. F. Turner, Sheriff Wake County, by J. W. Peebles, D.S." Alvin J. Dickens was at that time approximately nineteen years of age.

On 17 April, 1932, E. L. Travis, Sr., moved for the appointment of a suitable and discreet person as guardian *ad litem* of Alvin J. Dickens. Robert L. Johnson was appointed guardian *ad litem* for movant. Summons issued for the guardian *ad litem* on 7 April, 1932, and was returned "service of this summons accepted and copy of complaint received April 8, 1932, Robert L. Johnson, guardian *ad litem* of Alvin J. Dickens and Mercer L. McIntosh."

"That on May 2, 1932, said guardian *ad litem* filed an answer in manner and form as set forth in the record." The record shows that the answer of Robert L. Johnson as guardian *ad litem* of Mercer L. MacIntosh and Alvin J. Dickens admits each of the six allegations of the complaint. It was verified by him before A. L. Hux, deputy clerk of the Superior Court on 2 May, 1932. The complaint to which this answer responded may be summarized briefly as alleging in section 1 the death of John R. Johnston in 1910, owning the lands here in controversy; in section 2, that he devised said lands to his wife and two children during their natural lives and upon their death to the children born in lawful wedlock of Ben H. Johnston and Sallie J. MacIntosh; in section 3, that the lands were listed for taxation in the name of Ben H. Johnston for the year 1929 and taxes were not paid, that they were sold on 2 June, 1930, by the sheriff of Halifax County in the manner prescribed by law and after due advertisement; in section 4, that the sheriff of Halifax County issued plaintiff, the purchaser at the tax sale, a tax sale certificate which permitted the owners one year in which to redeem; in section 5, that the year for redemption had elapsed, that

redemption has not been made, that the sum of $230.07 paid at the tax sale, with interest as prescribed by law, was a lien superior to all other liens on the lands described; in section 6, that Ben H. Johnston had never married and had no children, that Sallie J. MacIntosh had married twice and had children, movant and Mercer L. MacIntosh. It prays for the recovery of the sum of $230.07 with interest, costs, and reasonable attorney's fees, and that the land be sold by a commissioner to satisfy the amount adjudged to be owing.

On 27 June, 1932, the clerk of the Superior Court ordered the land sold to satisfy the tax lien. A. Paul Kitchin was appointed commissioner for that purpose. The order of sale recites, *inter alia*, that the action was instituted the 30th day of October, 1931, that summons was issued on that date to Halifax and Wake Counties; that there was personal service on the defendant Alvin J. Dickens, a minor; that the other defendants were nonresidents of the State and could not, after due diligence, be found, and that service was had on the other defendants by publication in the *Roanoke News;* "that further notice was published in said newspaper for four successive weeks, by order of court, and posted for thirty days at the courthouse door, requiring all persons claiming an interest in said lands to appear and set up such claims within six months from the date of said notice, which was November 8, 1931, and to present and defend their claims within said time or they would be forever barred and foreclosed of any and all interests or claims in or to said property . . ."; the appointment of Robert L. Johnson as guardian *ad litem,* the issuance of summons for him, that he accepted service, and filed an answer in which he admitted all the allegations of the complaint to be true and that no answer has been filed to the complaint by any of the defendants except by said guardian *ad litem.* It was thereupon adjudged that plaintiff, E. L. Travis, Sr., was entitled to have the tax sale certificate foreclosed and the defendants and all other persons claiming or having an interest in the land barred of any equity of redemption.

On 8 August, 1932, the commissioner reported to the court that he had sold the land in accordance with the order of the court and recommended that the sale be confirmed.

On 30 August, 1932, the clerk of the court entered an order confirming the sale and directed the commissioner to execute and deliver to the purchaser, M. R. Johnston, a deed in fee for the land so sold. The order directs the commissioner to pay from the proceeds of sale the amount paid for the tax sale certificate issued in 1930 with interest as prescribed by statute, $215 for 1930 taxes with interest, and the costs of the action, including an allowance of $25 to the commissioner and $10 to the guardian *ad litem.*

The commissioner filed his account showing his receipts and disbursements.

In conformity with the order of 30 August, 1932, Kitchin, commissioner, executed a deed to M. R. Johnston, dated 30 August, 1932, recorded in Book 423, page 77, Halifax records.

Alvin J. Dickens, the movant, was subject to the jurisdiction of the Superior Court of Halifax County and was properly before the court at the time the court rendered its judgment of foreclosure on 27 June, 1932, and on 30 August, 1932, when the court signed the judgment confirming the sale.

The court further found that M. R. Johnston, in 1934, executed a mortgage securing a note to the Federal Land Bank Commissioner, that there was a sale under this mortgage in 1941 and Federal Farm Mortgage Corporation purchased, that the Mortgage Corporation in 1942 conveyed the land to Maggie B. King, that she and her husband in 1947 conveyed the land to James W. King, reserving a life estate in Maggie B. King, that in 1949 Maggie King and husband and James W. King executed a mortgage to Federal Land Bank, that Maggie King is now dead, Ben Johnston and Sallie J. MacIntosh are still living, and James Willis King is an innocent purchaser for value; that he and his predecessors in title have been in peaceful, open, notorious, and adverse possession of the lands under color of title for more than seven years next preceding the filing of this motion.

"That Alvin J. Dickens, movent, is guilty of laches in that he, for more than 20 years after having attained his majority, failed to file his motion in this cause, and that in the meantime the rights of innocent purchasers for value have intervened."

On the facts found, Judge Pless adjudged:

"That the Judgment of the Clerk of Superior Court of Halifax County appointing A. Paul Kitchin Commissioner, and ordering the sale of the land described in the motion, the report of sale made by the commissioner, the order of the clerk confirming the sale in manner and form set forth in the record, and the deed made by the commissioner are declared valid, and that James Willis King is the owner of the fee simple title to the land subject to recorded encumbrances, and that the judgment of the Clerk of Superior Court of Halifax County dated November 15, 1955 denying the motion of Alvin J. Dickens, movant, in the manner and form set forth in the record is hereby in all respects approved and confirmed . . ."

Do the facts found support the conclusion that the decree of foreclosure, the sale pursuant thereto, and the confirmation thereof are binding on movant? The decrees are not void if the court which rendered them had jurisdiction. To have validity a judgment must be rendered by a court which has authority to hear and determine the ques-

tions in dispute and control over the parties to the controversy or their interest in the property which is the subject matter of the controversy. When these tests are met, the judgment rendered by the court is not void. *Jones v. Brinson*, 238 N.C. 506, 78 S.E. 2d 334; *High v. Pearce*, 220 N.C. 266, 17 S.E. 2d 108; *White v. Lumber Co.*, 199 N.C. 410, 154 S.E. 620; *Williams v. Williams*, 188 N.C. 728, 125 S.E. 482.

Prior to 1927 the holder of a tax sales certificate had an option as to how he would divest the owner of any right to redeem. He could demand a deed from the sheriff upon compliance with the statutory provisions, C.S. 8028 *et seq.*, or he could foreclose the owner's right to redeem by civil action, C.S. 8037.

In 1927 the right of the holder of a tax sale certificate to call on the sheriff for a tax deed was terminated. The only remedy of the holder of the certificate was by civil action to foreclose the owner's right of redemption. Ch. 221, P.L. 1927. It provided, *inter alia:* "Such action shall be governed in all respects as near as may be, by the rules governing actions to foreclose a mortgage. Any one who has paid taxes on the subject-matter of the action, or who holds a certificate of sale, or claims any other interest in said lands, shall be made a party if his lien, interest or claim is disclosed by the records at the time of the filing of the complaint in said action, *and his rights enforced therein.*" (Emphasis supplied.) The act provides that notice shall be given by publication to all persons whose interest is not disclosed by the records.

. Clerks of the Superior Court were, by ch. 92, P.L. Ex. Sess. 1921 (G.S. 1-209), given authority to enter judgment by default final on notes, bonds, or other evidences of debt, and when the debt so evidenced was secured by mortgage and deed of trust, to decree a sale of the mortgaged property. The clerk had, however, no specific authority to adjudge the sale of real estate for nonpayment of taxes. If such authority existed, it had to be implied from the language of the statute that the foreclosure should "be governed in all respects as near as may be, by the rules governing actions to foreclose a mortgage." To put at rest any question as to the power of the clerk in tax foreclosure proceedings, the 1929 Legislature gave clerks of the Superior Court express authority, except where answer was filed raising issues of fact, to make all orders necessary to consummate the foreclosure. Ch. 204, P.L. 1929. The substance of this statute now appears as the last paragraph of G.S. 1-209.

The right of the Superior Court of Halifax County to take cognizance of the tax foreclosure proceedings is too apparent to admit of debate.

Movant insists that notwithstanding the general jurisdiction given to clerks in tax foreclosure proceedings, the court did not have jurisdiction in this case for that, as he claims, the land was not properly listed for taxation and that such listing is a requisite to jurisdiction. In support

of his contention he cites and relies on *Rexford v. Phillips*, 159 N.C. 213, 74 S.E. 337; *Stone v. Phillips*, 176 N.C. 457, 97 S.E. 375; and *Wake County v. Faison*, 204 N.C. 55, 167 S.E. 391. The *Rexford* and *Stone* cases arose under the statute authorizing the execution of a tax deed by the sheriff. They have no application to this factual situation. *Wake County v. Faison, supra*, must be interpreted in the light of the record in the case and two other decisions appearing in the same volume, *Guy v. Harmon*, 204 N.C. 226, 167 S.E. 796, and *Forsyth County v. Joyce*, 204 N.C. 734, 169 S.E. 655.

An examination of the record in the *Faison* case shows the land in controversy was, as stated in the opinion, owned by H. H. Powell. The property was listed for taxes by the county auditor in the name of Mrs. O. J. Shell estate. There was no personal service of process on anyone. The only attempted service was by publishing a notice entitled "Wake County v. Mrs. J. L. Seawell and J. L. Seawell, her husband, and all heirs at law of Mrs. O. J. Shell, deceased, in being or not in being, together with their respective wives or husbands, if any, whose names and residences are unknown." The notice was to the effect that the action was to foreclose a tax lien "against certain tracts or lots of land in St. Matthews Township, Wake County, described as follows: 40 acres, more or less, known as 'Oaks.' Owned or formerly owned by O. J. Shell Estate."

Appellant and appellee in their briefs raised the question of the power of the court to bind the owner when he was not before the court. Wake County undertook to maintain the validity of the tax foreclosure proceeding by insisting that due process was accorded the real owner of the property by giving notice to the persons in whose name the real estate had been listed for taxation. The Court's opinion was in answer to that contention and in effect held that the real owner could not be deprived of his property by a listing in a fictitious name with notice only to the fictitious taxpayer. Viewed in this light, the opinion is in harmony with *Guy v. Harmon, supra; Forsyth County v. Joyce, supra; Hines v. Williams*, 198 N.C. 420, 152 S.E. 39, and complements the decisions in *Orange County v. Jenkins*, 200 N.C. 202, 156 S.E. 774, and *Orange County v. Wilson*, 202 N.C. 424, 163 S.E. 113.

Here movant was properly before the court by valid service of process and by guardian *ad litem* as shown by the record. All of the elements were present requisite to authorize a sale of the land to satisfy the tax lien and to enter a decree confirming the sale so authorized.

It is contended that the guardian *ad litem* did not properly protect the interest of movant, then a minor, for that he accepted service of summons and filed an answer in which he admitted the allegations of the complaint. So it is urged if the judgment is not void, it is irregular and should be set aside.

No impropriety can be implied from the fact that the guardian *ad litem* accepted service of summons instead of requiring service by the sheriff. Where a guardian *ad litem* has been properly appointed and the record recites that he is a competent person to represent the minor defendant, a judgment rendered on an answer filed by him is not voidable unless and until it is established that the guardian *ad litem* did not in good faith act in the representation of his ward. *Ayers v. Banks,* 201 N.C. 811, 161 S.E. 550; *Hines v. Williams, supra.* One who accepts appointment as guardian *ad litem* of a person under disability owes a high duty to his ward. He should carefully investigate the facts and must exercise diligence in the protection of the rights and estate of his ward. For failure to perform the solemn duty he has undertaken, he is liable in damages for any loss caused thereby.

The court has found that James W. King, presently asserting ownership of the land, is an innocent purchaser for value, tracing his claim of ownership to the sale made by Kitchin, commissioner. Since no defect has been made to appear of record, he is protected against the attack now made on the order of sale and the decree of confirmation. *Cherry v. Woolard, ante,* p. 603; *Welch v. Welch,* 194 N.C. 633, 140 S.E. 436; *Hopkins v. Crisp,* 166 N.C. 97, 81 S.E. 1069; *Yarborough v. Moore,* 151 N.C. 116, 65 S.E. 763; *Harrison v. Hargrove,* 120 N.C. 96; *England v. Garner,* 90 N.C. 197.

The only question the court was called upon to decide by motion of Alvin J. Dickens was the validity of the order of sale and the decree confirming the sale. The judgment declaring these valid and binding on Alvin J. Dickens is affirmed. The court was not called upon to go beyond that and adjudicate the title of James Willis King or any encumbrances thereon. Hence the judgment will be modified by deleting that portion adjudging James Willis King the owner in fee simple of the land, subject to recorded encumbrances.

Modified and affirmed.

JOHNSON, J., not sitting.