NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION, PETITIONER, v. DORIS C. PARDINGTON, WIDOW; COUNTY OF FORSYTH, AND CITY OF WINSTON-SALEM, RESPONDENTS.

(Filed 30 June, 1955.)

**Eminent Domain § 17—Acceptance by respondents of voluntary payment by petitioner of award fixed by commissioners settles question of compensation.**

Petitioner excepted to the report of commissioners assessing compensation for lands taken in a special proceeding under G.S. 136-19, on the ground that the award was excessive, and respondents excepted thereto on the ground that the amount was inadequate. Thereafter, petitioner sent to the clerk a check in the amount of damages assessed by the commissioners, which check was marked "in payment of the award of commissioners." Petitioner, on motion, was adjudged entitled to possession as a matter of law "prior to any payment being made for said land." *Held:*

Under G.S. 136-19, petitioner was not required to make payment before taking possession, and therefore such payment was voluntary and constituted an offer of payment in full or a deposit, depending upon the intent, which, under the facts of this case, constituted an offer of payment in full, which, upon acceptance by respondents, settled the question of compensation and waived and surrendered any right of petitioner to take exception to the commissioners' report.

APPEAL by petitioner from *Crissman, J.,* at March 1955 Term, of FORSYTH.

Special proceeding instituted under provisions of G.S. 136-19 for the purpose of acquiring certain lands of respondent Pardington, described in the petition, for use as part of right of way for a certain public highway, and to ascertain and determine the compensation for the taking.

The record on this appeal discloses that the respondent Doris C. Pardington filed an unverified answer in which she admitted that petitioner had the right to condemn the property set out in the petition, and she prayed that commissioners be appointed by the court, as provided in such cases, and demanded full compensation for the taking, with the right to be heard by the commissioners before filing their report, as is allowed by law.

The record also shows that the commissioners, or jury of view, appointed by the Clerk of Superior Court, for the purpose of assessing compensation, and after hearing, "assessed the damages sustained by the owner of the property by the actual land taken at $13,747.50," as shown in report dated 22 November, 1954; and that on 3 December, 1954, petitioner excepted to the report of the commissioners on the ground that the amount thereof is excessive, and on 6 December, 1954, respondent Pardington excepted to the report on the ground that the amount thereof is inadequate.

In the meantime, as both the Clerk of Superior Court and the Judge of the Superior Court, on appeal from order of the Clerk, find:

"On December 1, 1954, the Clerk of the Superior Court of Forsyth County received a letter dated November 30, 1954, over signature of General Counsel of petitioner, reading as follows: 'November 30, 1954. Re: NCSHPWC v. Doris C. Pardington et al

Forsyth County

'Dear Mr. Church: Attached hereto is Voucher No. 838736 on the State Highway and Public Works Commission in the amount of $13,747.50. This check is in payment of the award of commissioners in the above captioned case.'

"Enclosed with such letter was . . .

'VOUCHER
838736
'In Payment of the Award of Commissioners in SH&PWC v. Doris C. Pardington et al—$13,747.50.

'Memorandum R. Brookes Peters, General Counsel.'

"Said payment was voluntary; petitioner did not designate such payment as a deposit; nor did petitioner attempt on or prior to such payment to reserve any rights of exceptions or appeal or otherwise. Petitioner did not notify respondent Pardington or her counsel of said payment."

The record also shows that on 6 January, 1955, petitioner filed a motion for an order of possession decreeing that it be put into immediate possession of the land embraced within the right of way boundaries of the project and involved in this proceeding. Upon consideration of the motion, on hearing had after notice, the Clerk of Superior Court concluded as a matter of law, among other things, that upon petitioner determining that the taking of the described land and improvements thereon was necessary for highway purposes in connection with the project in hand, and prior to any condemnation proceeding being instituted or payment being made for said land, petitioner was entitled to possession as a matter of law under the provisions of G.S. 136-19 thereof. And the Judge of Superior Court on appeal from the order of the Clerk approves. Petitioner excepts thereto.

The record also shows that on 13 January, 1955, respondent Pardington filed a motion praying, among other things, "that she be paid the full sum of $13,747.50 which is deposited in the office of the Clerk of Superior Court, in full payment of her said property . . . ; that the report of the commissioners be confirmed and an order entered in accordance therewith; . . . that petitioner be denied any further right of appeal; and for any other and further relief to which she is entitled."

On hearing of this motion, the Clerk of Superior Court concluded, among other things, that "Petitioner, by its voluntary payment of the commissioners' award, waived and surrendered any right to take exceptions to the commissioners' report fixing said award"; that "by voluntary payment of the amount of the commissioners' award, petitioner made a new offer for said tract, open to acceptance by respondent"; and that respondent has accepted said offer.

And so holding, the Clerk ordered that the sum of $13,747.50 heretofore paid to the Clerk by petitioner be paid over to respondent Pardington, less city and county taxes due, if any; that the aforesaid sum is the full, fair and adequate value of and represents just compensa-

tion for the acquisition by the petitioner, its successors and assigns, of the title to the aforesaid lands and premises.

And upon appeal, the Judge of Superior Court reached same conclusion, and rendered like judgment. Petitioner excepts thereto.

To the signing of the judgment, petitioner appeals to Supreme Court and assigns error.

*R. Brookes Peters, L. J. Beltman, Womble, Carlyle, Sandridge & Rice for petitioner appellant.*

*Deal, Hutchins & Minor for respondent appellee.*

WINBORNE, J.    Decision on this appeal turns upon the answer to the question as to whether in a proceeding instituted under provisions of G.S. 136-19, the petitioner, North Carolina State Highway and Public Works Commission, is required to pay into court the amount of the award made by the Commissioners, as a condition precedent to taking possession of the land sought to be acquired for right of way for public highway purposes. The statute itself furnishes a negative answer.

It is provided in G.S. 136-19 that "The State Highway and Public Works Commission is vested with the power to acquire such rights of way and title to such land . . . as it may deem necessary and suitable for road construction . . . either by purchase, donation, or condemnation, in the manner hereinafter set out . . ."; and that "whenever the Commission and the owner or owners of the lands . . . required by the Commission to carry on the work as herein provided for are unable to agree as to the price thereof, the Commission is hereby vested with the power to condemn the lands . . . , and in so doing the ways, means, methods, and procedure of Chapter 40, entitled 'Eminent Domain,' shall be used by it as near as the same is suitable for the purposes of this Section . . . ."

However it is also provided that "in case condemnation shall become necessary the Commission is authorized to enter the lands and take possession of the same . . . prior to bringing the proceedings for condemnation, and prior to the payment of the money for the said property"; and that "in the event the owner or owners shall appeal from the report of the Commissioners, it shall not be necessary for the Commission to deposit the money assessed with the Clerk, but it may proceed and use the property to be condemned until the final determination of the action."

Thus it is clear that when the North Carolina State Highway and Public Works Commission pays the amount of an award before taking possession of the land, it is a voluntary act controlled by the intent with which, and purposes for which the payment is made. It could

be either in payment or as a deposit. But in the case in hand the intent and purpose is manifested in the language used in the letter of transmittal as well as in the notation on the voucher. The wording is clear and understandable. It was "in payment of the award by the commissioners." True, the respondent was not obligated to accept the amount, but it was an offer subject to acceptance by her. And when she accepted it, the question of compensation was settled—and the purpose of the proceeding accomplished.

Hence in the judgment to the signing of which exception is taken, error is not made to appear.

Affirmed.