88 S.E.2d 102 (1955)
242 N.C. 482
NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION, Petitioner,
v.
Doris C. PARDINGTON, Widow; County of Forsyth, and City of Winston-Salem, Respondents.
No. 752.
Supreme Court of North Carolina.
June 30, 1955.
*103 R. Brookes Peters, L. J. Beltman, Raleigh, Womble, Carlyle, Sandridge & Rice, Winston-Salem, for petitioner-appellant.
Deal, Hutchins & Minor, Winston-Salem, for respondents-appellees.
WINBORNE, Justice.
Decision on this appeal turns upon the answer to the question as to whether *104 in a proceeding instituted under provisions of G.S. § 136-19, the petitioner, North Carolina State Highway and Public Works Commission, is required to pay into court the amount of the award made by the Commissioners, as a condition precedent to taking possession of the land sought to be acquired for right of way for public highway purposes. The statute itself furnishes a negative answer.
It is provided in G.S. § 136-19 that "The State Highway and Public Works Commission is vested with the power to acquire such rights of way and title to such land * * * as it may deem necessary and suitable for road construction * * * either by purchase, donation, or condemnation, in the manner hereinafter set out * * *"; and that "whenever the Commission and the owner or owners of the lands * * * required by the Commission to carry on the work as herein provided for, are unable to agree as to the price thereof, the Commission is hereby vested with the power to condemn the lands * * *, and in so doing the ways, means, methods, and procedure of chapter 40, entitled `Eminent Domain,' shall be used by it as near as the same is suitable for the purposes of this section * * *."
However it is also provided that "in case condemnation shall become necessary the Commission is authorized to enter the lands and take possession of the same * * * prior to bringing the proceedings for condemnation, and prior to the payment of the money for the said property"; and that "in the event the owner or owners shall appeal from the report of the commissioners, it shall not be necessary for the Commission to deposit the money assessed with the clerk, but it may proceed and use the property to be condemned until the final determination of the action."
Thus it is clear that when the North Carolina State Highway and Public Works Commission pays the amount of an award before taking possession of the land, it is a voluntary act controlled by the intent with which, and purposes for which the payment is made. It could be either in payment or as a deposit. But in the case in hand the intent and purpose is manifested in the language used in the letter of transmittal as well as in the notation on the voucher. The wording is clear and understandable. It was "in payment of the award by the commissioners." True, the respondent was not obligated to accept the amount, but it was an offer subject to acceptance by her. And when she accepted it, the question of compensation was settled, and the purpose of the proceeding accomplished.
Hence in the judgment to the signing of which exception is taken, error is not made to appear.
Affirmed.