NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION v. N. S. MULLICAN, WIDOWER, ET AL.,

and

NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION v. PAUL E. HARPER, ET AL.,

and

NORTH CAROLINA STATE HIGHWAY AND PUBLIC WORKS COMMISSION v. RAY B. JOHNSON, ET AL.

(Filed 2 November, 1955.)

**1. Courts § 4c—**

The judge of the Superior Court either in term or vacation has jurisdiction over appeals from judgments of the Clerk of the Superior Court in all matters of law or legal inference. G.S. 1-272.

**2. Eminent Domain § 17—**

Acceptance by respondents of voluntary payment by petitioner of award fixed by commissioners settles the question of compensation.

APPEAL by petitioner in each of above special proceedings from *Johnston, Resident Judge* of FORSYTH, in Chambers, in Vacation, August 1955.

Three separate special proceedings, entitled as above, instituted under the provisions of G.S. 136-19 for the purpose of acquiring certain lands of the respective respondents, described in the respective petitions, for use as part of right of way for a certain public highway, and to ascertain and determine the compensation for the taking, consolidated in this Court for purpose of hearing and decision on appeal.

In each of these proceedings the Clerk of Superior Court entered order appointing commissioners to proceed as provided by law to ascertain and determine the damages to the respective respondents by reason of taking title to, and the construction of the road described in the petition over and through the property of the respective respondent owners, and to report to the court.

The respective commissioners so appointed in these several proceedings for the purposes aforesaid, and after hearing, assessed the damages at a specified sum of money in each case. Petitioner filed exceptions to the awards. Thereafter petitioner transmitted by mail to Clerk of Superior Court of Forsyth County voucher for the exact amount of the award in each case with letter stating that "This check is in payment of the award of the commissioners in the above captioned case," and the vouchers bore like endorsements. Thereafter the respective respondents moved that the sum paid into court in payment of said awards be paid over to them, for order of confirmation, and so on. The Clerk made such order and petitioner filed exceptions thereto and appealed therefrom, and demands a jury trial. Over objection of petitioner the matter was heard by the resident judge of Superior Court, who after hearing evidence offered, found facts substantially in accord with those found by the Clerk, and stated conclusions of law accordant therewith, all substantially as was done in former case of *Highway Commission v. Pardington,* reported in 242 N.C. Reports at page 482.

Petitioner excepted thereto, and appeals therefrom in each case to Supreme Court and assigns error.

*R. Brookes Peters and Blackwell, Blackwell & Canady for Petitioner Appellant in No. 400.*

*R. Brookes Peters and Womble, Carlyle, Sandridge & Rice for Petitioner Appellant in No. 401.*

*R. Brookes Peters and McKeithen, Graves & Robinson for Petitioner Appellant in No. 403.*

*Deal, Hutchins & Minor for Respondent Appellees in all cases.*

PER CURIAM. Appellant, petitioner, challenges right of resident judge to hear and pass upon the appeal from the Clerk of Superior Court. As to this, the statute G.S. 1-272 expressly declares that appeals lie to the judge of the Superior Court having jurisdiction, either in term or vacation, from judgments of the Clerk of the Superior Court in all matters of law or legal inference. The appeals here involve matters of law or legal inferences. And the cases are controlled by decision of this Court in former case of *Highway Commission v. Pardington,* 242 N.C 482,

88 S.E. 2d 102, on authority of which the judgments from which these appeals are taken will be, and they are hereby
Affirmed.